**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL CITY MORTGAGE CO., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CREATIVE FINANCIAL SOLUTIONS, ) <br> LTD., EUGENE BENNETT; CHARLES ) <br> WHITE; SHELLY V. ROBINSON; and, ) <br> TOMMY G. PILILIMIS, ) <br> ) <br> Defendants. ) | No. 07 C 6380 <br><br> Judge Elaine E. Bucklo <br><br> Magistrate Judge Jeffrey Cole |

**DEFENDANTS CREATIVE FINANCIAL SOLUTIONS, LTD. AND EUGENE
BENNETT'S MOTION TO DISMISS PLAINTIFF'S
<u>FIRST AMENDED COMPLAINT</u>**

Defendants Creative Financial Solutions, Ltd. ("Creative") and Eugene Bennett ("Bennett"), by their attorneys, respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff National City Mortgage Co.'s ("Plaintiff") First Amended Complaint. In support of this motion, Creative and Bennett hereby state as follows:

1. On November 30, 2007, Plaintiff filed its eight count First Amended Complaint ("Complaint") alleging Count I – Breach of Contract (against Creative); Count II – Specific Performance (against Creative); Count III – Fraud (against Creative); Count IV – Civil Conspiracy (against all defendants); Count V – Aiding and Abetting a Fraud (against all defendants); Count VI – Negligence (against Creative); Count VII – Negligent Misrepresentation (against all defendants); and, Count VIII – Negligent/Wanton Hiring, Retention, Training and Supervision (against Creative and Bennett).

2. In its Complaint, Plaintiff alleges that on May 15, 2001, Creative entered into a wholesale broker agreement with Plaintiff whereby Creative agreed to repurchase certain mortgage loans originated by Creative. (Compl. ¶ 10).[1]

3. These certain mortgages to be purchased by Creative included those mortgages that were determined to contain any misstatements of material fact or failed to contain accurate information with respect to any mortgage loan application submitted to Plaintiff. (Compl. ¶¶ 11-12).

4. If these certain conditions occurred then Creative was to repurchase these certain mortgage loans within seven days of notice any loan purchased by Plaintiff. (Compl. ¶ 14).

5. Plaintiff alleges that twenty (20) loans were originated by Creative and assigned to Plaintiff that contained false statements regarding the true market value of the properties purchased; false statements regarding borrower's intent to occupy the properties as primary residence, false information regarding borrowers' income and assets; failed to disclose outstanding borrower debts/liabilities; and/or created false documents. (Compl. ¶ 16).

6. As a result, the Plaintiff alleges that it has suffered economic damages and seeks to recover compensatory damages or specific performance to repurchase the allegedly defective loans. (Compl. ¶¶ 87, 94, 101, 106, 111, 116, 121 127).

7. However, Plaintiff's Complaint should be dismissed for several reasons. Counts III – Fraud, IV – Civil Conspiracy and V – Aiding and Abetting a Fraud, should be dismissed pursuant to Rule 9(b) because Plaintiff fails to plead the alleged fraud with particularity – *i.e.* the "who, what, when, where and how." Also, Plaintiff merely alleges

---

[1] Comp. ¶, refers to Plaintiff's First Amended Complaint.

all of its fraud allegations based "upon information and belief" which is also improper pleading under Rule 9(b).  In addition, Aiding and Abetting a Fraud is not a separate independent tort under Illinois law, but merely a theory of liability for the underlying tort of fraud.  Since fraud is already alleged against Creative, Creative cannot be held liable for the underlying fraud as well as aiding and abetting that same fraud.

8. Plaintiff's Counts VI, VII, and VIII which are negligence actions against Creative and Bennett must be dismissed because Plaintiff seeks purely economic damages and the *Moorman* Doctrine bars Plaintiff's recovery for economic damages in tort.

9. Also, Count I – Breach of Contract and Count II – Specific Performance should be dismissed for Plaintiff's failure to plead consideration between the parties and that the notice requirement was satisfied for Creative's alleged obligation to perform.  Plaintiff further alleges only conclusions and not enough facts which, under Rule 8(a)(2), is insufficient.

10. Lastly, Plaintiff's entire Complaint is flawed as it lumps all of the Defendants together making the misrepresentations.

11. Creative and Bennett contemporaneously submit with this Motion their Memorandum of Law in support of their Motion to Dismiss Plaintiff's First Amended Complaint.

WHEREFORE, Defendants Creative Financial Solutions, Ltd. and Eugene Bennett, respectfully requests that this Court dismiss Counts I through VIII of Plaintiff's First Amended Complaint with prejudice, or in the alternative, order the Plaintiff to file a more definite statement.

Respectfully submitted,

**CREATIVE FINANCIAL SOLUTIONS, LTD.** and
**EUGENE BENNETT**


By:   s/  Harry O. Channon
         One of their attorneys


Jeffrey Schulman (#2513080)
Harry O. Channon (#6282644)
**WOLIN, KELTER & ROSEN, LTD**.
55 W. Monroe St. Suite 3600
Chicago, Illinois 60603
312.424.0600
312.424.0660 (fax)