IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL CITY MORTGAGE CO., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07 C 6380 ) ) Judge Elaine E. Bucklo ) |
| CREATIVE FINANCIAL SOLUTIONS, LTD., EUGENE BENNETT; CHARLES WHITE; SHELLY V. ROBINSON; and, TOMMY G. PILILIMIS, | ) Magistrate Judge Jeffrey Cole ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CREATIVE FINANCIAL SOLUTIONS, LTD. AND EUGENE BENNETT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

This memorandum is submitted by Defendants Creative Financial Solutions, Ltd. ("Creative") and Eugene Bennett ("Bennett"), in support of their motion to dismiss Plaintiff National City Mortgage Co.'s ("Plaintiff") First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff's Complaint is premised solely on alleged misrepresentations and false statements made by the defendants. (A copy of Plaintiff's First Amended Complaint is attached hereinafter as Exhibit A and is incorporated herein). In its Complaint, Plaintiff alleges that on May 15, 2001, Creative entered into a wholesale broker agreement with Plaintiff whereby Creative agreed to repurchase certain mortgage loans originated by

Creative. (Compl. ¶ 10).[1] These certain mortgages to be purchased by Creative included those mortgages that were determined to contain any misstatements of material fact or failed to contain accurate information with respect to any mortgage loan application. (Compl. ¶ 11-12). If these certain conditions occurred then Creative was to allegedly repurchase these certain mortgage loans within seven days of notice of any loan purchased by Plaintiff. (Compl. ¶ 14).

Plaintiff alleges that twenty (20) loans were originated by Creative and assigned to Plaintiff that contained false statements regarding the true market value of the properties purchased; false statements regarding borrower's intent to occupy the properties as a primary residence; false information regarding borrowers' income and assets; failed to disclose outstanding borrower debts/liabilities; and/or created false documents. (Compl. ¶ 16). As a result, Plaintiff alleges that it has suffered economic damages and seeks to recover compensatory damages or specific performance to repurchase the allegedly defective loans. (Compl. ¶¶ 87, 94, 101, 106, 111, 116, 121, 127).

Plaintiff's Complaint consists of eight counts: Count I – Breach of Contract (against Creative); Count II – Specific Performance (against Creative); Count III – Fraud (against Creative); Count IV – Civil Conspiracy (against all defendants); Count V – Aiding and Abetting a Fraud (against all defendants); Count VI – Negligence (against Creative); Count VII – Negligent Misrepresentation (against all defendants); and, Count VIII – Negligent/Wanton Hiring, Retention, Training and Supervision (against Creative and Bennett). For the reasons stated below, Creative and Bennett seek to dismiss all counts of Plaintiff's Complaint, or in the alternative, to require the Plaintiff to file a more definite statement.

---

[1] Comp. ¶, refers to Plaintiff's First Amended Complaint which is attached hereinafter as Exhibit A.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do so." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-1965 (2007)(internal quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Id.*

## ARGUMENT

For several reasons, Plaintiff's entire Complaint should be dismissed. Plaintiff's Counts III, IV and V for Fraud, Civil Conspiracy and Aiding and Abetting a Fraud, which arise from alleged misrepresentations and false statements, are <u>all</u> based on allegations "upon information and belief" without facts supporting its suspicion. This in itself is insufficient under Rule 9(b). But in doing so, Plaintiff's Counts III, IV and V also fail to meet the heightened pleading standard under Rule 9(b) for failing to plead facts with particularity. In addition, Count V for Aiding and Abetting a Fraud (against all defendants) should be dismissed because it is not a separate independent tort for which Illinois recognizes a cause of action. It is merely a theory of liability for the underlying tort, fraud, which has already been plead against Creative.

Also, the *Moorman* Doctrine bars Plaintiff's Counts VI, VII and VIII – negligence counts - because Plaintiff claims to only have suffered purely economic damages and not suffered any personal injury or property damage.

In addition, Counts I and II should be dismissed because Plaintiff fails to properly plead breach of contract and specific performance. Finally, Plaintiff's entire

Complaint is flawed because Plaintiff improperly lumps all defendants together as making the alleged misrepresentations with respect to all of the allegedly defective loans. The foregoing grounds are sufficient to dismiss all of the counts as further discussed below.

I.  **Counts III, IV and V, Should Be Dismissed Because Plaintiff Fails To Plead The Fraud Allegations With Particularity In Violation Of Federal Rule 9(b).**

Noticeably absent from Plaintiff's Complaint are even a scintilla of facts supporting a fraud cause of action. Generally, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp.*, 127 S.Ct. at 1964-1965. However, a fraud claim must allege facts with particularity pursuant to Rule 9(b). *United States of America v. Caremark RX, Inc.*, 2006 WL 1519567 at *2 (N.D. Ill. May 30, 2006).[2]

Rule 9(b) requires the Plaintiff to state in its complaint, "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the Plaintiff." *Bankers Trust Co., v. Old Republic Insurance Co.*, 959 F.2d 677, 683 (7th Cir. 1992). Put another way, the Plaintiff must plead the "who, what, when, where, and how: the first paragraph of any newspaper story." *Cathedral Trading, LLC v. The Chicago Board Options Exchange*, 199 F. Supp. 2d 851, 856 (N.D. Ill. 2002)(Bucklo, J.).

Also, allegations made "upon information and belief" are insufficient, even if the facts are inaccessible to the Plaintiff, unless the Plaintiff states the grounds for [its]

---

[2] A copy of *United States of America v. Caremark RX, Inc.*, 2006 WL 1519567 (N.D. Ill. May 30, 2006) is provided for this Court and is attached hereinafter as Exhibit B.

suspicions. *Cathedral Trading, LLC*, 199 F. Supp. 2d at 856; *UniQuality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992). Allegations of fraud in a complaint made on "information and belief," are "clearly improper locution under the current federal rules, which impose (in the amended Rule 11) a duty of reasonable pre-complaint inquiry not satisfied by rumor or hunch." *Bankers Trust Co.,* 959 F.2d at 683-684.

In the instant case, Plaintiff's Complaint is wanting of any factual allegations asserting the "who, what, when, where and how" of the alleged fraud. Instead, Plaintiff alleges nothing but conclusions based "upon information and belief." For instance, with respect to the R.D. Bradley Loan, Plaintiff alleges:

> 19. Upon information and belief, the Bradley loan application contained material misrepresentations regarding Bradley's intent to occupy the subject property as her primary residence. Moreover, upon information and belief, the seller Bradley engaged in a non-arms length transaction as the two are related by family. (Compl. ¶19)

With respect to the Harry Bales Loan, Plaintiff alleges:

> 22. Upon information and belief, the Brales loan application contained material misrepresentations regarding Brales' income, assets, and his intent to occupy the subject property as his primary residence. The loan documents also failed to disclose that Brales obtained a separate mortgage one month prior to closing the subject loan. Shelly V. Robinson performed the real estate appraisal of the subject property in connection with the Bales loan. Upon information and belief, her appraisal improperly overstated the value of the subject property. (Compl. ¶ 22)

Similarly, with the Pamela Bynum Loan, Plaintiff alleges:

> 25. Upon information and belief, the Bynum loan application contained material misrepresentations regarding Bynum's income and her assets. The loan documents also failed to disclose two separate mortgage loans obtained by Bynum the same month as the subject loan. Shelly V. Robinson performed the real estate appraisal of the subject property in connection with the Bynum loan. Upon information and

belief, her appraisal improperly overstated the value of the subject property. (Compl. ¶25)

This pattern of alleging "upon information and belief" without identifying specific facts supporting its suspicion is repeated throughout its Complaint with the remaining seventeen loans. (Compl. ¶¶28, 31, 34, 37, 40, 43, 46, 49, 52, 55, 58, 61, 64, 67, 70, 73 and 76). Moreover, under Count III – Fraud, Plaintiff continues its failure to allege additional facts of the alleged fraud. Plaintiff merely alleges the following general conclusion for its support:

> 96. As described herein, Defendants Creative and Charles White made and/or provided false and misleading statements of material fact in connection with the above referenced mortgage loans. Creative and Charles White's affirmative misrepresentations included, among other things, false information regarding the true market value of the properties securing the subject loans, false information regarding the borrowers' intent to occupy the subject properties as a primary residence, and false information regarding the borrowers' income, assets and/or employment status. Creative also failed to disclose and/or concealed outstanding borrower liabilities. (Compl. ¶ 96)

Without facts describing the "who, what, when, where and how," of the alleged misrepresentations and false statements, Plaintiff fails to meet the heightened pleading standard for fraud as required by Rule 9(b) and Count III should be dismissed.

> Accusations of fraud can do serious damage to the goodwill of a business firm or a professional person. People should be discouraged from tossing such accusations into complaints in order to induce advantageous settlements or for other ulterior purposes.

*Bankers Trust Co.,* 959 F.2d at 683.

Likewise, Plaintiff's Counts IV and V of Civil Conspiracy and Aiding and Abetting a Fraud, fail to allege particular facts and cannot survive Rule 9(b). See, *Hefferman v. Bass,* 467 F.3d 596, 601 (7th Cir. 2006)(Citing Rule 9(b), court reasoned that to the

extent that the claim is based on aiding and abetting a fraud, there is a higher pleading standard); *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007)(Plaintiff's civil conspiracy count was properly dismissed for failing to meet the Rule 9(b) heightened pleading standard). For its conspiracy and aiding and abetting counts, Plaintiff merely incorporates its previous "information and belief" allegations of the underlying fraud, without alleging any additional facts, which, as argued above, does not pass muster under Rule 9(b). (Compl. ¶¶102-111). Thus, Counts IV and V should be dismissed.

Count V - Aiding and Abetting should further be dismissed against Creative because it is not a separate independent tort under Illinois law. *Hefferman*, 467 F.3d at 601 (Aiding and abetting is a theory for holding the person liable for the tort itself); *Eastern Trading Co. v Refco, Inc.*, 229 F.3d 617, 624 (7th Cir. 2000)(One who aids and abets a fraud is guilty of the tort of fraud; nothing is added by saying that he is guilty of the tort of aiding and abetting as well or instead). Count III - Fraud is alleged against Creative and Count V of Aiding and Abetting a Fraud is alleged against all of the defendants. Count V should be dismissed because Creative cannot be found liable for fraud and aiding and abetting that same fraud, or be liable for aiding and abetting which Illinois does not recognize as an independent tort.

Counts III, IV and V should be dismissed for violating Rule 9(b) because Plaintiff fails to allege the particular facts of the alleged fraud and merely alleges conclusions of fraud based "upon information and belief." In addition, Count V should be dismissed as there is no separate independent tort of aiding and abetting in Illinois.

**II.   Count IV – Civil Conspiracy Should Be Dismissed Because Plaintiff Fails To Plead The Nature Of An Agreement to Commit Fraud.**

In addition to Plaintiff's failure to adequately plead fraud, which the civil conspiracy count is based on, Plaintiff also fails to allege in Count IV -with particularity- the nature of an agreement to commit the fraud.

Under Illinois law, to plead and prove a claim of civil conspiracy, the plaintiff must establish: (1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and, (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff.  *Borsellino*, 477 F.3d at 509.  "An agreement is a necessary and important element of this cause of action." *Id.*

In addition to failing to meet the heightened pleading standard as argued above, Plaintiff has failed to particularly plead any agreement among any of the defendants to commit fraud against the Plaintiff.  (Compl. ¶¶102-106).  Count IV should be dismissed for failure to allege the most basic elements of civil conspiracy.

**III.   Counts VI, VII and VIII Should Be Dismissed Because Plaintiff's Negligence Counts Which Only Seek Economic Damages Are Barred By The *Moorman* Doctrine.**

Plaintiff's alleged damages are purely economic and therefore, its claims in negligence are barred by the *Moorman* Doctrine.

It is well settled in Illinois that *Moorman* prohibits a plaintiff from recovering under a negligence theory for purely economic damages, that is, damages not based on personal injury or property damage.  *Reis Robotics USA, Inc., v. Concept Industries, Inc.*, 462 F. Supp. 2d 897, 912 (N.D. Ill. 2006).  The Illinois supreme court reasoned that tort law is not intended to compensate parties for monetary losses suffered as a result of

duties which are owed to them simply as a result of a contract. *Tyler v. Gibbons*, 368 Ill.App.3d 126, 129, 857 N.E.2d 885, 888 (3d Dist. 2006). "Losses related to a purchaser's disappointed expectations due to deterioration, internal breakdown or nonaccidental causes lie in contract." *Id.* See also, *Midwest Knitting Mills, Inc. v. U.S.*, 950 F.2d 1295, 1300 (7th Cir. 1991)(*Moorman* barred Plaintiff's negligent supervision claim because "there is no duty to exercise reasonable care to avoid intangible economic loss to others that do not arise from tangible physical harm to persons or tangible things").

Counts VI, VII and VIII, seek recovery of purely economic damages, namely, compensatory damages plus pre-judgment interest, attorney's fees, and costs that result from Plaintiff's disappointed expectations when Creative did not buy back the allegedly improper loans. (Compl. ¶¶ 116, 121, 127). As a result, Plaintiff's negligence counts VI, VII and VIII should be dismissed.

**IV.     Counts I and II Should Be Dismissed Because Plaintiff Has Failed To Properly Plead Breach Of Contract And Specific Performance And Improperly Combines All Of The Defendants.**

Count I and II are deficient because Plaintiff (1) fails to allege consideration, (2) fails to allege that all contractual conditions were performed; and, (3) improperly lumps all defendants together as making misrepresentations.

To plead breach of contact, Plaintiff must allege: (1) an offer and acceptance; (2) consideration; (3) definite and certain terms of the contract; (4) plaintiff's performance of all required contractual conditions; (5) breach of the terms of the contract; and, (6) damages resulting from the breach. *Barille v. Sears Roebuck and Co.*, 682 N.E.2d 118,

121, 224 Ill. Dec. 557, 560 (1st Dist. 1997).[3]  While plaintiff only has to allege enough information so that Creative and Bennett have at least minimal notice of the claim being asserted, this Court, however, "is not prevented from examining facts that show no claim exists – in other words, Plaintiffs may plead themselves out of court." *Decatur Ventures, LLC v. Stapleton Ventures, Inc.*, 373 F. Supp. 2d 829, 847 (S.D. Ind. 2005). As stated earlier, the United States Supreme Court recently held that even under Rule 8(a)(2), plaintiff must allege facts and the rule requires more than labels, conclusions or a "formulaic recitation of the elements." *Bell Atlantic Corp.*, __ U.S. __, 127 S. Ct. at 1964-1965.

In Counts I and II, Plaintiff fails to plead what, if any, consideration existed. Plaintiff merely alleges that Plaintiff and Creative entered into a contract on May 15, 2001. Absent from the Complaint is the consideration needed to have an enforceable contract. It is also unclear from the Complaint whether the alleged contract governed all of the loans or if there was a separate contract for each of the loans listed. Plaintiff also alleges that the contract required notice to be given to Creative that the loans were defective and were to be repurchased. (Compl. ¶14). No where has Plaintiff alleged that any type of notice was given to Creative. Without the requisite notice, Creative was not obligated to perform. Plaintiff also only pleads conclusions concerning any alleged breaches and conclusion concerning plaintiff's performance of the alleged contract.

Plaintiff's breach of contract count and specific performance count further fail because Plaintiff repeatedly and improperly combines all of the misrepresentations with

---

[3] Stating a cause of action for specific performance contains some of the same elements for pleading a breach of contract including, the plaintiff must plead (1) the existence a valid, binding and enforceable contract and (2) the compliance by plaintiff with the terms of the contract. *McCormick Road Assoc., L.P. v. Taub*, 659 N.E.2d 52, 54, 213 Ill. Dec. 422, 424 (1st Dist. 1995).

all of the defendants. In particular, Plaintiff bases its breach of contract (and specific performance count) on the alleged misrepresentations provided in the loan documents given to Plaintiff. Plaintiff incorporates all previous 79 paragraphs into its breach of contract count. (Compl. ¶¶80, 88). Within these paragraphs, Plaintiff alleges, with respect to the various loans, that the loan documents contained material misrepresentations concerning, among other things, income, assets, employment status, etc., without identifying which defendants made these misrepresentations. Instead, Plaintiff makes a general statement that "the loan application contained misrepresentations" without identifying which defendants made which misrepresentations. (Compl. ¶¶19, 22, 25, 28, 31, 34, 37, 40, 43, 46, 49, 52, 55, 58, 61, 64, 67, 70, 73, 76). To make the allegations more muddled, Plaintiff included in those 79 paragraphs misrepresentations made by independent real estate appraisers. *Id*. In essence, Plaintiff combined all the defendants together for making all of the misrepresentations (or breaches of the contract). This is improper pleading, even under notice pleading. *Decatur Ventures, LLC*, 373 F. Supp. 2d 829, 849 (plaintiff's unjust enrichment count dismissed when it continued the pattern of lumping defendants together – plaintiff's breach of contract claims asserted solely against two defendants tended to indicate that the unjust enrichment claim was not being alleged with respect to the appraiser defendant); *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1998)(The amended complaint simply treats all the defendants as one; such 'lumping together' of defendants is clearly insufficient under Rule 9(b)).

Ultimately, since the breach of contract count and the specific performance count are based on the same misrepresentations as the fraud counts, it is unclear who the allegations of the breach of contract count are against since the fraud count is asserted

{F:\wpdocs\4109\10205/00109453.DOC;}   11

only against Creative and Charles White; yet the civil conspiracy and aiding and abetting the fraud (which are based on the underlying fraud count) are asserted against all of the defendants.

Although the breach of contract and specific performance counts are stated that they are solely against Creative, it is unclear from the Complaint which or whose misrepresentations constituted what breach because of Plaintiff's improper "lumping of defendants" together. As a result, Counts I and II should be dismissed.

## CONCLUSION

For the reasons stated herein, Defendants Creative Financial Solutions, Ltd. and Eugene Bennett, respectfully requests that this Court dismiss Counts I through VIII of Plaintiff's First Amended Complaint with prejudice, or in the alternative, order the Plaintiff to file a more definite statement.

Respectfully submitted,

**CREATIVE FINANCIAL SOLUTIONS, LTD.** and
**EUGENE BENNETT**


By:　s/　Harry O. Channon
　　　One of their attorneys


Jeffrey Schulman (#2513080)
Harry O. Channon (#6282644)
**WOLIN, KELTER & ROSEN, LTD.**
55 W. Monroe St. Suite 3600
Chicago, Illinois 60603
312.424.0600
312.424.0660 (fax)

{F:\wpdocs\4109\10205/00109453.DOC;}　　12

# CERTIFICATE OF SERVICE

Harry O. Channon, an attorney, hereby certifies that he caused a copy of this Notice and **Memorandum of Law In Support of Defendants Creative Financial Solutions, Ltd. and Eugene Bennett's Motion To Dismiss Plaintiff's First Amended Complaint, Or In The Alternative, For a More Definite Statement**, to be served via electronic delivery upon:

> Thomas K. Hanekamp
> Ryan Taylor
> TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
> 233 S. Wacker Dr., Suite 2200
> Chicago, Illinois 60606

on this 4th day of January, 2008, before 5:00 p.m.

s/ Harry O. Channon
_____
Harry O. Channon
