**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL CITY MORTGAGE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 6380 |
| v. | ) | |
| | ) | Judge Elaine E. Bucklo |
| CREATIVE FINANCIAL SOLUTIONS, LTD., EUGENE BENNETT; CHARLES WHITE; SHELLY V. ROBINSON; and, TOMMY G. PILILIMIS, | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CREATIVE FINANCIAL SOLUTIONS, LTD. AND EUGENE BENNETT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants Creative Financial Solutions, Ltd. ("Creative") and Eugene Bennett ("Bennett"), by their attorneys, and for its Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, states as follows:

Plaintiff's Response is nothing more than a carbon copy of its Complaint containing general conclusions without factual support to satisfy Rule 9(b). Plaintiff argues that for the fraud, civil conspiracy and aiding and abetting a fraud, they believe that misrepresentations were made during the loan application process, but the specific misrepresentations can only be established after conducting discovery. (Response, pg. 7-8). Yet, Plaintiff admits it has reviewed thousands of documents and over 700 per loan transaction. (Response, pg. 8). Remarkably, Plaintiff is still unable to indentify the specific misrepresentations in its complaint. *Viacom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)(Rule 9(b) is said to serve three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing "strike

suits" and "fishing expeditions"; and (3) providing notice of the claim to the adverse party). Plaintiff's fishing expedition is impermissible under Rule 9(b).

Plaintiff admits that it has pled each of its misrepresentation allegations "upon information and belief." This admission alone is a sufficient basis for dismissal. *Banker's Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992).

Further, Plaintiff fails to plead or cite to any caselaw that supports its position that Creative, the loan originator, was in the business of supplying information to the loan purchaser. In addition, Plaintiff has failed to cite any case law that this relationship gives rise to any extra-contractual duty.

Lastly, Plaintiff has failed to show that it performed all its contractual obligations and impermissibly combined all defendants. For the reasons discussed below, Plaintiff's entire Complaint should be dismissed or, in the alternative, for a more definite statement.

## ARGUMENT

### A. Counts III, IV and V Should Be Dismissed Because Plaintiff Fails To Plead The Fraud Allegations With Particularity in Violation of Federal Rule 9(b)

Plaintiff concedes that "a fraud claim must allege facts with particularity pursuant to Rule 9(b)" (Response, p. 3, Motion to Dismiss, p.4) (citing *United States of Am. V. Caremark RX, Inc.*, 2006 WL 1519567, at *2 (N.D. Ill. May 30, 2006)). Plaintiff also recognizes that Rule 9(b) requires Plaintiff to state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the Plaintiff." (Response, p. 3, Motion to Dismiss, p.4)(citing *Banker's Trust Co*, 959 F.2d 677, 683;

*Cathedral Trading, LLC v. The Chicago Board Options Exch.*, 199 F. Supp. 2d 851, 856 (N.D. Ill. 2002)).

In a case involving multiple defendants the "complaint should inform each defendant of the nature of his alleged participation." *Viacom, Inc.*, 20 F.3d 771, 778(citing, *Balabanos v. North Am. Inv. Group Ltd.*, 708 F.Supp. 1488, 1493 (N.D. Ill. 1988)("The complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant"). Plaintiff has not alleged which particular defendant committed what specific fraudulent act.

Plaintiff argues the "what" was sufficiently pled because each and every misrepresentation was outlined in the complaint. (Response, p. 6). However, Plaintiff's Complaint contains nothing more than general conclusions of the alleged the misrepresentations. Plaintiff did not identify what false statements were made for the true market value, what the false information regarding borrowers' income, assets or employment was given, what was the debt/liability that was not disclosed, what false documents Creative and Bennett allegedly created. Plaintiff's laundry list of general allegations without addressing their lack of any specific factual basis is insufficient under Rule 9(b).

Plaintiff argues that it has alleged "who" made the misrepresentations because it clearly asserted who the cause of action was directed against and that those individuals made and/or provided false and misleading statements of material fact in connection with the above-referenced mortgage loans. (Response, p. 4, Compl., p. 20). Further, Plaintiff also argues that the explanation provided—with respect to the Civil Conspiracy Count - that the claim was being asserted against all defendants and further explained that "Defendants Creative, Eugene Bennett, Charles White, Shelly V. Rollinson, and

Tommy G. Pililmis conspired to defraud National City... is sufficient. (Response, p. 4). However, this just amplifies Creative's position. Defendant cannot decipher from Plaintiff's general conclusions of misrepresentations which defendant made which alleged misrepresentation – was it the appraisers that made the misrepresentation, was it the information taken from the appraiser inaccurately, was it the borrower that made misrepresentations or who in particular at Creative created the alleged false documents? Plaintiff's "loan-by-loan" breakdown has done nothing more than describe alleged misrepresentations that were "contained" in the loan applications. Plaintiff identifies several defendants involved in the application process but impermissibly lumps them all together in making these misrepresentations. *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1998)(The amended complaint simply treats all the defendants as one; such 'lumping together' of defendants is clearly insufficient under Rule 9(b)); *See also*, *Viacom, Inc.*, 20 F.3d 771, 778 (the misrepresentations that were alleged "at the direction, under the supervision, or with knowledge and consent" were insufficient to meet Rule 9(b)). Plaintiff's downfall is that it has not tied any specific defendants to any specific alleged misrepresentations.

Plaintiff further argues that it has sufficiently pled the "when" because it provides the dates the loans. (Response, pg. 5). As an example, Plaintiff cites to the R.D. Bradely loan which provides as follows:

> On or about April 13, 2005, Creative Financial originated a $145,000 loan for borrower R.D. Bradley, a/k/a R. Bradely, a/k/a Rita M. Bradely ("Bradely") in connection with Bradley's purchase of real property located at 3718 Cedar Road, Richton Park, Illinois.

(Response, pg. 5).

However, these "loan-by-loan" breakdowns, which offer nothing more than when the loan originated, do not provide when the alleged misrepresentation occurred. It is unclear from the Complaint if the misrepresentations occurred before, during or after the completion of the loan application; after the application but before the closing; after the closing, etc. The origination date of the loan is extraneous information that is not relevant to when the misrepresentations occurred.

Plaintiff further admits that its complaint, based on allegations made "upon information and belief," is insufficient. (Response, p. 3; *See* Compl., ¶¶ 19, 22, 25, 28, 31, 34, 37, 40, 43, 46, 49, 52, 55, 58, 61, 64, 67, 70, 73 and 76). This alone is sufficient to dismiss Plaintiff's complaint. *Bankers Trust Co*., 959 F.2d 677, 683 (7th Cir. 1992). Further, Plaintiff has not pled any facts which it claims are inaccessible to it. In fact the opposite is true, Plaintiff claims to possess thousands of documents of this fraud, yet it cannot specifically plead it. (Response, pg. 8).

These general allegations of misrepresentations contain no facts describing the "who, what, when, where and how" of the alleged false and misleading statements. Thus, Plaintiff fails to meet the heightened pleading standard required by Rule 9 (b), and Count III, IV and V should be dismissed.

**B. Counts IV And V Should Be Further Dismissed For Failing To Allege Particular Facts In Violation of Rule 9(b) And For Duplicity**

Counts IV and V, Civil Conspiracy and Aiding and Abetting a Fraud, respectively, should similarly be dismissed for failing to allege particular facts as described above in violation of Rule 9(b). To the extent that a claim is based on aiding and abetting a fraud, Plaintiff must meet a higher pleading standard. *Hefferman v. Bass,* 467 F.3d 596, 601 (7th Cir. 2006). Similarly, counts of Civil

Conspiracy must meet the Rule 9(b) heightened pleading standard. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007).

Although Plaintiff argues that "a conspiracy claim may be supported by factual allegations from which the existence of an agreement may be inferred," (Response p. 11)(citing *Carl v. Galuska*, 785 F.Supp. 1283 (N.D. Ill. 1992) it has not sufficiently alleged facts which give rise to an inference that Defendants conspired to defraud Plaintiff. The "loan-by-loan" breakdown is insufficient to support conclusions of a "tortious scheme" (Response, p. 11) because it does not contain sufficient facts to meet the Rule 9(b) standard. Additionally, Plaintiff points to Paragraph 103, which contains the conclusion that "Defendants Creative Financial, Eugene Bennett, Charles White, Shelly V. Rollinson, and Tommy G. Pililimis conspired to defraud National City by misrepresenting and/or concealing material information relating to the above-referenced loans as described herein. (Compl., ¶ 103). However, without specific facts as to the "who, what, when, where and why" of the fraud and is nothing more than a conclusion—certainly not a factual allegation which gives rise to an inference of conspiracy.

Count V, for Aiding and Abetting a Fraud, should further be dismissed for duplicity and because it is not a separate tort under Illinois law. Plaintiff mischaracterizes *Colman v. Greenfield*, 2005 WL 2592538 (N.D. Ill. Oct. 11, 2005) as having "addressed the cases relied upon by Defendants." (Response, p. 9). *Colman* cites the Northern District's opinion in *Hefferman v. Bass*, No. 04C5748, 2005 WL 936900 (N.D. Ill. Apr. 15, 2005) and not the Seventh Circuit opinion replied upon by Defendants. (*See Hefferman v. Bass*, 467 F.3d 596 (7th

Cir. 2006). *Hefferman*, decided post-*Colman*, holds that aiding and abetting is only a theory for holding a person liable for the tort itself, and not a separate cause of action. *Hefferman*, 467 F.3d at 601. Additionally, Count III—Fraud is alleged against Creative and Count V—Aiding and Abetting a Fraud is alleged against all of the defendants, thereby including Creative. Creative cannot be held liable for the underlying tort of fraud as well as aiding and abetting a fraud. *Id*. Plaintiff's Response does not address this duplicative nature of Count V and therefore Count V should be dismissed.

### C. Counts VI, VII And VIII Improperly Allege Negligence Where Only Economic Damages Are Claimed, In Violation Of The *Moorman* Doctrine

Counts VI, VII, and VIII of Plaintiff's Complaint are based on negligence, and recovery for purely economic damages is barred by the *Moorman* Doctrine under a negligence theory. Plaintiff argues that its negligence claims are not barred by the *Moorman* Doctrine because they fall under the negligent misrepresentation exception and because Defendants owed an extra-contractual duty to Plaintiff. (Response, pg. 12-13).

Plaintiff's argument that its allegations fall within the negligent misrepresentation exception to the *Moorman* Doctrine must fail. Plaintiff correctly states that the exception "exists 'where the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions.'" (Response, p. 12)(citing *First Midwest Bank, N.A., v. Stewart Title Guaranty Co.*, 218 Ill. 2d 326, 843 N.E. 2d 327, 337-38 (Ill. 2006)). However, absent in the Complaint are any allegations that Defendants are "in the business

of supplying information for the guidance of others in their business transactions." Also, Plaintiff fails to cite to any caselaw where Creative, as a loan originator, is in the business of supplying information when assigning the loan to a bank. (Response, pg. 12). On the other hand, the Illinois Supreme Court has held that a title company was not "in the business of supplying information for the guidance of others in their business transactions" where it had not "undertaken a duty to perform a title search and provide the results of that title search for the guidance of others in their business transactions." *Id.* at 340. Here, Plaintiff has not alleged that Creative undertook a duty to evaluate the properties, evaluate assets, debts and liabilities of the borrowers. Therefore, Plaintiff's claims do not fall into the negligent misrepresentation exception to the *Moorman* Doctrine and should be dismissed.

Plaintiff relies on another limited exception to the *Moorman* Doctrine where "a duty arises outside of the contract." (Response, p. 12)(citing *Ploog v. Homeside Lending, Inc.*, 209 F. Supp. 2d 863 (N.D. Ill. 2002). The courts have declined to apply the exception - even to all cases of professional malpractice - if the professional's responsibility to a client originates in the contract. *Fireman's Fund Ins. Co. v. SEC Donohue, Inc.*, 176 Ill.2d 160, 167 (Ill. 1997) (holding that engineers do not have an extra-contractual duty to clients) (citing *2314 Lincoln Park West Condominium Ass'n v. Mann, Gin, Ebel & Frazier, Ltd.*, 136 Ill. 3d 302, 317 (Ill. 1990) (holding similarly that architects have no extra-contractual duty to clients). Plaintiff is correct in noting that mortgage contracts carry an *implied* fiduciary duty of professional competence. *See Id.; Durham v. Loan Store, Inc.*, 2005 WL 2420389. However, the contracts at issue here are not

between a mortgagor and a mortgagee, nor are they between a real estate broker and a home buyer or seller. They are between two sophisticated business parties, one a mortgage loan originator who assigned the loan to a loan purchaser. (Response, p. 13) Plaintiff has not cited to any caselaw for its position that this relationship gives rise to any extra-contractual duty. Thus, Plaintiff's allegations do not fall within the extra-contractual duty exception to the *Moorman* Doctrine.

Plaintiff's Complaint does not fall within either of the two narrow exceptions to the *Moorman* Doctrine, and thus, Counts VI, VII, and VIII should be dismissed.

**D. Counts I and II Should Be Dismissed Because Plaintiff Has Failed to Properly Pleas Breach Of Contract And Specific Performance, And Improperly Combines the Defendants**

Plaintiff has improperly pled Counts I and II by failing to plead that all contractual obligations were satisfied, and improperly combining the defendants as to the alleged misrepresentations.

Plaintiff argues that in the Breach of Contract and Specific Performance counts are clearly alleged despite all of the misrepresentations contained in the loans. (Response, pg. 14-15). However, as discussed previously in this motion, Creative has not properly pled the specifics of what misrepresentations were made, who made these misrepresentations – which the breach of contract and specific performance counts are based on – and tied any of the two together. Further, the complaint is unclear whether there were separate wholesale agreement for the separate loans or if there was only one wholesale agreement that governed all of the loans. Without Creative knowing what the specific misrepresentations were, they cannot determine if they were required to

repurchase any of the loans. *Decatur Ventures, LLC*, 373 F. Supp. 2d 829, 849 (plaintiff's unjust enrichment count dismissed when it continued the pattern of lumping defendants together – plaintiff's breach of contract claims asserted solely against two defendants tended to indicate that the unjust enrichment claim was not being alleged with respect to the appraiser defendant).

Plaintiff has not established that it complied with the terms of the contract between the parties. Plaintiff argues that it alleged that it gave notice (Response, p. 14). Plaintiff's Response, however, merely restates the Complaint, asserting that "Plaintiff made demand upon Creative." (Response, p. 14; Compl., ¶ 78). There are no other facts given which indicate when Plaintiff made the demand, that notice was sufficient, or that Creative was given an opportunity to act within the seven day period. Accordingly, Counts I and II should be dismissed.

**CONCLUSION**

For the reasons stated herein, Defendants Creative Financial Solutions, Ltd. And Eugene Bennett respectfully request this Court dismiss Counts I through VIII of Plaintiff's First Amended Complaint with prejudice, or in the alternative, order the Plaintiff to file a more definite statement.

Respectfully submitted,

**CREATIVE FINANCIAL SOLUTIONS, LTD.** and **EUGENE BENNETT**

By: s/ Harry O. Channon
One of their attorneys

Jeffrey Schulman (#2513080)
Harry O. Channon (#6282644)
**WOLIN, KELTER & ROSEN, LTD.**
55 W. Monroe St. Suite 3600
Chicago, Illinois 60603
312.424.0600