IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **NATIONAL CITY BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07 C 6380 |
| | ) | |
| **CREATIVE FINANCIAL SOLUTIONS, LTD.,** | ) | Judge Bucklo |
| **EUGENE BENNETT, CHARLES WHITE**, | ) | |
| **SHELLY V. ROBINSON, and** | ) | Magistrate Judge Cole |
| **TOMMY G. PILILIMIS**, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TOMMY G. PILILIMIS' MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS COUNTS IV AND V OF PLAINTIFF'S
<u>FIRST AMENDED COMPLAINT</u>**

Plaintiff's first amended complaint (FAC) (copy attached) describes facts regarding certain mortgage loans obtained from it by Defendant Creative Financial Solutions Ltd. ("Creative Financial"). Plaintiff has sought to have Creative Financial repurchase the loans pursuant to an agreement. Creative Financial has declined to do so. Plaintiff now alleges that the loans were improperly obtained and are "defective" due to false information in the applications regarding the applicants and the properties securing the mortgages. (FAC ¶ 16 pg. 4).

The complaint specifies twenty mortgages which fit its definition of defective. One of the claims regarding certain of the mortgages involves appraisals which overstate the value of the property. The FAC alleges that Defendant Pililimis provided appraisals for three properties as follows:

1.  *The Florentino Chaidez Loan.*

Florentino Chaidez obtained a $198,000 loan for property in Chicago, Illinois (FAC ¶ 27).

28. Upon information and belief, the Chaidez loan documents

        contained material misrepresentations regarding Chaidez's income and the rental occupants of the subject property. The loan documents also failed to disclose a separate mortgage obtained by Chaidez the same month as the subject loan. Tommy G. Pililimis performed the real estate appraisal of the subject property in connection with the Chaidez loan. Upon information and belief, his appraisal improperly overstated the value of the subject property. (FAC pg. 7).

2.     *The Antonio Douvlis Loan.*

Antonio Douvlis obtained a $166,250 mortgage for a property in Chicago, Illinois (FAC ¶ 30).

    31.     Upon information and belief, the Douvlis loan documents contained material misrepresentations regarding Douvlis' income and assets. The loan documents also failed to disclose a separate mortgage obtained by Douvlis one moth prior to the subject loan. In addition, Tommy G. Pililimis performed the real estate appraisal of the subject property in connection with the Douvlis loan. Upon information and belief, his appraisal overstated the value of the subject property. (FAC pg. 7-8).

3.     *The George Limperis loan.*

George Limperis obtained a $126,350 mortgage for property in the City of Chicago, Illinois. (FAC ¶ 48).

    49.     Upon information and belief the Limperis loan documents contained material misrepresentations regarding Limperis' income and assets. The loan documents also failed to disclose a separate mortgage obtained by Limperis one moth prior to the subject loan. In addition, Tommy G. Pililimis performed the real estate appraisal of the subject property in connection with the Limperis loan. Upon information and belief, his appraisal overstated the value of the subject property. (FAC pg. 11).

According to the complaint, all of the applicants provided false information, had additional undisclosed mortgages and failed to make payments. Plaintiff alleges that in addition, "upon information

and belief" only, Pililimis overstated the value of the properties.

The complaint contains no detail as to the amount of the misrepresentation, any contrary appraisal or fact of any kind indicating that Pililimis' appraisal overstated the value of any of the properties at issue. Further, the complaint contains no facts indicating any relationship between Pililimis and any party to the loan transactions. It does not provide any allegation as to the conclusion that the appraisals overvalued the properties or indicate which party to the transaction hired Pililimis and also lacks any detail regarding reliance upon the appraisals as a basis for the issuance of the loans. There are no facts in the FAC which would lead the Court to conclude that the foreclosures which occurred are related to the appraisals. Thus, no basis exists to assume causation for any alleged damages.

Count IV alleges a civil conspiracy to defraud Plaintiff as follows:

> 103. Defendants Creative Financial, Eugene Bennett, Charles White, Shelly V. Robinson and Tommy G. Pililimis conspired to defraud National City by misrepresenting and/or concealing material information relating to the above referenced loans as described herein. (FAC pg. 21).

Other than this conclusory allegation, the complaint is absolutely barren of any facts to support the claim of conspiracy to defraud Plaintiff. There is no reference to any conversation, meeting, action in concert or common benefit from which it can be inferred that a cause of action for conspiracy exists. *Bell Atlantic Corporation v. Twombly* __US__ 127 S.Ct. 1955, 1964-65 (2007). Even assuming the allegations in this case are true and that properties were overvalued at appraisal, nothing connects the parties to support a conspiracy. A claim of conspiracy requires allegations of an agreement between the defendants to accomplish a lawful purpose for unlawful means and a tortious act in furtherance of the conspiracy. *Borsellino v. Goldman Sachs,* 477 F.3d 502, 509 (7th Cir. 2007) This complaint lacks the

necessary factual allegations of the agreement and fails to outline any relationship between any agreement and the alleged tortious acts.

Plaintiff has chosen fraud as the basis for all of the claims against Pililimis, thus it has stated claims that must meet the standard of particularity imposed by Federal Rule of Civil Procedure 9(b). Rule 9(b) serves three purposes: (1) protection of a defendant's reputation from harm; (2) minimizing fishing expeditions; and (3) providing notice of the claim. *Unix Quality, Inc. v. Infotronix*, 974 F.2d 918, 924 (7th Cir. 1992).

Here Plaintiff has filed this complaint alleging that Pililimis is a conspirator and involved in fraud based on nothing more than information and belief. Allegations of fraud based on only information and belief are insufficient. *Bankers Trust Co. v. Old Republic Insurance Co.,* 959 F.2d 677, 683-684 (7th Cir. 1992). Plaintiff must at least plead the factual basis of the information upon which the purported belief is founded. As the necessary factual detail is missing, the allegations of Count IV should be dismissed.

Count V should be dismissed as there is no separate tort for aiding and abetting a conspiracy. If a defendant agrees to and involves himself in a conspiracy, he is a conspirator. Aiding and abetting is a theory to hold a defendant liable for participating in a conspiracy; it is not a separate claim.

Essentially, this complaint is a fishing expedition by Plaintiff launched without sufficient investigation or allegations of fact. The complaint alleges that the mortgages were foreclosed causing losses, and Plaintiff has chosen to label any party involved with the mortgages as a fraudulent conspirator despite the absence of any facts to support that conclusion.

Plaintiff has filed this complaint for the world to see, alleging that Defendant Pililimis was involved in fraudulent transactions and a conspiracy to carry out these transactions. Plaintiff has affixed these

damaging allegations to Defendant with absolutely no factual support, and apparently, no investigation. As the complaint fails to allege the necessary specific facts for claims of fraud and conspiracy, the Court should dismiss Counts IV and V, and thus Pililimis from the first amended complaint.

                                        Respectfully submitted,

                                        s/Anthony Pinelli
                                        **ANTHONY PINELLI**
                                        One of Defendant Pililimis' attorneys

**ANTHONY PINELLI**
Law Offices of Anthony Pinelli
53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/583-9270

**SUSAN M. PAVLOW**
Law Offices of Susan M. Pavlow
53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/322-0094
C:\MyFiles\Pililimis\Pleading\mem001ap.wpd

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Memorandum in Support of Motion to Dismiss Counts IV And V of Plaintiff's First Amended Complaint on behalf of Defendant, Tommy G. Pililimis, was served on February 19, 2008, in accordance with Fed. R. Civ. P. 5, L.R. 5.5 and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                s/Anthony Pinelli
                                                **ANTHONY PINELLI**