IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL CITY BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 07 C 6380 |
| v. | ) |
| | ) **Judge Bucklo** |
| CREATIVE FINANCIAL SOLUTIONS, LTD.; | ) |
| EUGENE BENNETT; CHARLES WHITE; | ) Magistrate Judge Cole |
| SHELLY V. ROLLINSON; and TOMMY G. | ) |
| PILILIMIS | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TOMMY G. PILILIMIS' MOTION TO DISMISS

**NOW COMES** National City Bank (hereinafter referred to as "Plaintiff" or "National City"), by and through its undersigned counsel of record, and for its Response in Opposition to Defendant Tommy G. Pililimis' ("Defendant" or "Pililimis") Motion to Dismiss Counts IV and V of Plaintiff's First Amended Complaint, states as follows:

### I. INTRODUCTION

On or about November 30, 2007, Plaintiff filed its First Amended Complaint in the above-styled action, alleging, among other things, that Pililimis conducted fraudulent appraisals in connection with the mortgage loan transactions at issue in this lawsuit. (*See generally* First Amended Complaint). In conjunction with these allegations, Plaintiff asserted a civil conspiracy and aiding and abetting claim against Pililimis due to the fact that he "conspired to defraud National City by misrepresenting and/or concealing material information relating to" the loans at issue in this lawsuit and had knowledge of the fraudulent misrepresentations and aided and abetted said fraud. (*See id.*, pp. 21-22).

1

As previously stated in its Response in Opposition to Creative Financial Solutions, Ltd. ("Creative") and Eugene Bennett's ("Bennett") Motion to Dismiss, Plaintiff's twenty-six (26) page Complaint in the above-styled cause of action provided the defendants with a detailed loan-by-loan breakdown of the misrepresentations and defects at issue. Nevertheless, in nothing more than a complete and utter recitation of the Motion to Dismiss previously filed in this case, Pililimis has moved to dismiss the present action for failure to state a claim upon which relief can be granted. As in the previously filed motion, Pililimis argues (1) that Plaintiff failed to plead its civil conspiracy claim (based upon fraud) with the requisite particularity under Rule 9(b); (2) that Plaintiff failed to allege the "agreement" element of its civil conspiracy claim; and (3) that Illinois does not recognize a separate cause of action for aiding and abetting. (*See generally* Motion to Dismiss).

As a preliminary matter, Pililimis argues in his Motion to Dismiss that Plaintiff's Complaint "is a fishing expedition . . . launched without sufficient investigation or allegations of fact" and that "Plaintiff has chosen to label any party involved with the mortgage as a fraudulent conspirator. . . ." (Motion to Dismiss, p. 4). To the contrary, and as previously stated in its Response to Creative and Bennett's Motion to Dismiss, Plaintiff and its counsel engaged in an extremely thorough investigation of the defendants and the loans at issue, and in so doing, Plaintiff gathered and reviewed thousands of documents in total and several hundred per loan transaction at issue. Moreover, despite Pililimis' allegations to the contrary, Plaintiff has not "chosen to label any party involved with the mortgages as a fraudulent conspirator." In fact, there were numerous individuals involved in the mortgage loan transactions at issue in this case (many of which are not parties to this dispute), and Plaintiff carefully selected the individuals and entities that should be a part of this action based upon the documentation it reviewed.

Nevertheless, while Plaintiff has previously refuted (in its Response to Creative and Bennett's Motion to Dismiss)[1] each and every argument made in Pililimis' Motion to Dismiss, Plaintiff will briefly address these arguments again. First, despite any allegations made "upon information and belief," Plaintiff sufficiently pled its civil conspiracy claim with the requisite particularity under Rule 9(b), and in fact, went above and beyond its Rule 9(b) obligations by providing a loan-by-loan breakdown of the specific misrepresentations and/or omissions at issue. Alternatively, a dismissal on the basis of Plaintiff's pleading certain factual allegations "upon information and belief" would be a dismissal of an otherwise valid claim on a technicality. In the event this Court is inclined to dismiss this claim on these technical grounds, Plaintiff would request it grant Plaintiff leave to amend its First Amended Complaint in light of the fact that it has more than a sufficient amount of documentation to support each and every allegation made in its Complaint, including the allegations regarding Pililimis' multiple fraudulent appraisals. Second, Plaintiff sufficiently states a civil conspiracy claim as an agreement among the defendants can be inferred from the detailed factual allegations in its Complaint. Lastly, notwithstanding Pililimis' allegations to the contrary, Illinois does in fact recognize a separate cause of action for aiding and abetting.

## II. STANDARD OF REVIEW

Pililimis must satisfy a heavy burden in order to prevail on his Motion to Dismiss. Indeed, his motion may not be granted "unless it appears beyond doubt that [Plaintiff] cannot prove any facts that would support [its] claim for relief." *Gutierrez v. Peters*, 111 F.3d 1364, 1368 (7th Cir. 1997). In reviewing Plaintiff's Complaint under this standard, "all well-pleaded

---

[1] Plaintiff hereby adopts its response to Creative and Bennett's Motion to Dismiss, and the arguments made therein, in further support of this opposition to Pililimis' Motion to Dismiss.

3

facts are assumed to be true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to [Plaintiff]." *Id.* at 1368-69.

### III. ARGUMENT

A. **Pililimis' Motion to Dismiss as to Plaintiff's Civil Conspiracy Claim (Count IV) Fails as a Matter of Law.**

    1. **Plaintiff has Sufficiently Pled its Civil Conspiracy Claim with the Requisite Particularity under Rule 9(b).**

Like Creative and Bennett in their Motion to Dismiss, Pililimis argues that Plaintiff has failed to allege its civil conspiracy claim (based upon fraud) with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, and that Plaintiff's allegations made "upon information and belief" are insufficient to support its fraud claims. (Motion to Dismiss, pp. 3-4). In its Response to Creative and Bennett's Motion to Dismiss, Plaintiff addressed and refuted any and all Rule 9(b) arguments, spending approximately six (6) pages of its Response clearly outlining, in detail, how its Complaint provided the "who, what, when, where and how" of its fraud claims. Therefore, in an effort not to further waste any of this Court's valuable time, Plaintiff will only briefly address these allegations again. Suffice it to say, a cursory review of Plaintiff's Complaint reveals that it provided the "who, what, when, where and how" of its fraud claims, and Pililimis' "upon information and belief" argument is a technicality that should not sink Plaintiff's Complaint and can be easily rectified if need be. As such, Pililimis' Motion to Dismiss is due to be denied in its entirety.

As previously established, Rule 9(b) only requires Plaintiff to state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the Plaintiff" - the "who, what, when, where and how" of its fraud claims. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992); *Cathedral Trading, LLC v. The Chicago Board Options Exch.*, 199 F.

Supp. 2d 851, 856 (N.D. Ill. 2002). Moreover, "Rule 9(b) does not require that the complaint explain the plaintiff's theory of the case, but only that it state the misrepresentation, omission, or other action or inaction that the plaintiff claims was fraudulent." *Midwest Commerce Banking v. Elkhart City Centre*, 4 F.3d 521, 523 (7th Cir. 1993). Further, Rule 9(b) only requires that Plaintiff set forth the date and content of the statements or omissions that it claims to be fraudulent - it is "not required to go further and allege the facts necessary to show that the alleged fraud [is] actionable." *Id.* at 524. Lastly, "Rule 9(b) does not require [Plaintiff] to plead facts to which they lack access prior to discovery." *Katz v. Household Int'l, Inc.*, 91 F.3d 1036, 1040 (7th Cir. 1996).

Even under the most stringent Rule 9(b) standard, Plaintiff has clearly provided the "who, what, when, where and how" of its civil conspiracy claim against Pililimis in the present action.[2] Plaintiff clearly provided the identity of the individuals/entities who conspired to defraud Plaintiff in this case (i.e. the "who" of its civil conspiracy claim). Indeed, Plaintiff specifically stated (in parenthesis directly under "Count IV - Civil Conspiracy") that this claim was being asserted "[a]gainst [a]ll [d]efendants" and further explained that "Defendants Creative Financial, Eugene Bennett, Charles White, Shelly V. Rollinson, and *Tommy G. Pililimis* conspired to defraud National City by misrepresenting and/or concealing material information relating to the above-referenced loans as described herein." (*See* First Amended Complaint, p. 21) (emphasis added). Plaintiff further established the "who" of its civil conspiracy claim against Pililimis by providing a detailed loan-by-loan breakdown, outlining each and every alleged fraudulent actor associated with the loans at issue in this case, including a breakdown of the loans in which

---

[2] In fact, as stated above, Plaintiff went above and beyond its Rule 9(b) obligations by providing each and every defendant and this Court with a detailed twenty-six (26) page complaint, specifically outlining each loans' misrepresentations and defects.

Pililimis performed faulty appraisals. (*See generally id.*). Accordingly, Plaintiff has satisfied Rule 9(b)'s particularity requirements in alleging the "who" of its civil conspiracy claim.

Plaintiff also outlined numerous times/dates associated with its civil conspiracy claim (i.e. the "when" of its claim) when it provided the date the parties entered into the Wholesale Broker Agreement (i.e. May 15, 2001), the date Creative originated the loan, and general information regarding the assignment of the loan to Plaintiff. (*See generally id.*). Accordingly, Plaintiff has satisfied Rule 9(b)'s particularity requirements in alleging the "when" of its civil conspiracy claim.

Furthermore, Plaintiff outlined each and every alleged misrepresentation/omission made in the present action (i.e. the "what" of its civil conspiracy claim). Indeed, as a preliminary matter, Plaintiff generally discussed the misrepresentations in this case (which is the basis of Plaintiff's civil conspiracy claim), stating in pertinent part:

> these misrepresentations included, among other things, false statements regarding the true market value of the properties securing the loans, false statements regarding the borrower's intent to occupy the subject properties as a primary residence, and false information regarding the borrowers' income, assets and/or employment status. Creative Financial, by through and/or in conspiracy with its officers and/or agents/employees, also failed to disclose outstanding borrower debts/liabilities, and Creative Financial affirmatively concealed the problems with the loans by, among other things, creating and/or providing fabricated/false documents to National City and repeatedly denying there was anything wrong with the loans and denying that it was obligated to repurchase the loans.

(*Id.*, p. 4). Plaintiff further provided that

> affirmative misrepresentations included, among other things, false information regarding the true market value of the properties securing the subject loans, false information regarding the borrowers' intent to occupy the subject properties as a primary residence, and false information regarding the borrowers' income, assets and/or employment status. Creative Financial also failed to disclose and/or concealed outstanding borrower liabilities.

6

(*Id.*, p. 20). Finally, throughout its Complaint, Plaintiff provided a detailed loan-by-loan breakdown of the individual misrepresentations and/or omissions at issue, including the loans in which Pililimis performed faulty appraisals. (*See generally id.*).

Plaintiff has also alleged the place of Pililimis' misrepresentations (i.e. the "where" of its civil conspiracy claim) and the method by which said misrepresentations were communicated (i.e. the "how" of its civil conspiracy claim). Indeed, throughout its Complaint, Plaintiff consistently alleges that the misrepresentations and/or omissions occurred primarily in the loan documentation created during the origination of the loans and submitted to National City following its purchase thereof. Here, obviously, the misrepresentations would have been made in the appraisals that were presented during the origination of the loans and subsequently submitted to National City following its purchase. Accordingly, Plaintiff has satisfied Rule 9(b)'s particularity requirements in alleging the "where" and "how" of its civil conspiracy claim.

Pililimis further argues that "Plaintiff has filed this complaint alleging that Pililimis is a conspirator and involved in fraud based on nothing more than information and belief." (Motion to Dismiss, p. 4). As previously demonstrated, however, notwithstanding its allegations based "upon information and belief," Plaintiff's Complaint clearly alleges the "who, what, when, where and how" of its fraud and civil conspiracy claims. In fact, Plaintiff went above and beyond its Rule 9(b) obligations by providing a loan-by-loan breakdown, detailing each individual misrepresentation and/or omission at issue.

Moreover, it is well-settled that, even in the context of fraud, Plaintiff does not have to plead facts which it lacks access prior to discovery. *Katz*, 91 F.3d at 1040. With that said, though Plaintiff possesses documents which overwhelmingly prove that Pililimis performed faulty appraisals and the defendants were engaged in a fraudulent scheme, it cannot confirm the

same until it engages in formal discovery.[3] As such, Plaintiff erred on the side of caution and made certain allegations "upon information and belief." Courts have held, however, that Rule 9(b) does not necessarily preclude allegations made "upon information and belief." *See Entrust Management Co. v. Gold*, 622 F.Supp. 32, 34 (D.C. Ill. 1985) (citation omitted) ("Rule 9(b) 'does not preclude allegations based upon information and belief, . . . but merely requires that the 'circumstances' constituting the fraud shall be stated with particularity'"). Even if this were not the case, Plaintiff's allegations made "upon information and belief" are contained solely in the loan-by-loan breakdown of its Complaint - a section which if omitted would still leave the Complaint with more than sufficient allegations of the "who, what, when, where and how" of its fraud and civil conspiracy claims.

Finally, a dismissal on the basis of Plaintiff's pleading certain factual allegations "upon information and belief" would be a dismissal of an otherwise valid claim on a technicality. If, however, this Court feels inclined to dismiss Plaintiff's fraud claims on this basis, Plaintiff encourages the Court to permit it the opportunity to amend its complaint to cure any technical pleading deficiencies. *See See v. Strunk*, 2006 WL 2916819, *9 (C.D. Ill. Oct. 10, 2006) (attached hereto as "Exhibit A") (allowing Plaintiff to amend her complaint to properly assert her dismissed fraud claims); *Miller v. HypoGuard USA, Inc.*, 2005 WL 3481542, *4 (S.D. Ill. Dec. 20, 2005) (attached hereto as "Exhibit B") (dismissing Plaintiffs' fraud claims without prejudice so that they could amend their complaint to properly assert said claims with the requisite particularity).

---

[3] Indeed, that is the very purpose of discovery -- to identify and/or confirm facts that are not known at the initiation of the lawsuit.

8

## 2.   Plaintiff has Sufficiently Pled the "Agreement" Element of its Civil Conspiracy Claim.

Like Creative and Bennett in their Motion to Dismiss, Pililimis falsely argues that Plaintiff failed to plead an agreement among the defendants to commit fraud. (Motion to Dismiss, p. 3). In doing so, however, Pililimis completely ignores the substantial precedent stating that an express agreement need not be established at this early stage of the litigation, but rather can be inferred from the factual allegations in the complaint. Accordingly, Pililimis' Motion to Dismiss as to Plaintiff's civil conspiracy claims fails as a matter of law.

As in the previously filed Motion to Dismiss, Pililimis, here, cites *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502 (7th Cir. 2007) for the proposition that Plaintiff must plead and establish, at this initial stage in the litigation, an agreement among the defendants to commit fraud. (*Id.*, p. 8). However, in *Borsellino*, the Court stated:

> [t]o succeed in a claim of civil conspiracy under Illinois law, the plaintiffs must *eventually establish*: (1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff.

477 F.3d at 509 (emphasis added). By stating that Plaintiffs must "eventually establish" the requisite elements of a civil conspiracy claim, this case clearly suggests that, at this early stage of the litigation, Plaintiff is not expected to know each and every fact regarding the defendants' agreement to defraud Plaintiff.

Illinois cases have expressly held that Plaintiff need not allege and/or establish an express agreement at this initial stage of the litigation, stating in pertinent part: "[a]n express agreement need not be alleged," and "[f]acts detailing the agreement may be pleaded generally." *Plambeck v. Stone*, 662 F. Supp. 298, 301 (N.D. Ill. 1986); *see also Lenard v. Argento*, 699 F.2d 874, 882 (7th Cir. 1983) ("A plaintiff seeking redress need not prove that each participant in a conspiracy

9

knew the 'exact limits of the illegal plan or the identity of all participants therein.' An express agreement among all the conspirators is not a necessary element of a civil conspiracy."). In this vein, the Seventh Circuit Court of Appeals has explicitly held:

> [t]he very nature of a conspiracy obscures most, if not all, information about the alleged conspirators' agreement; circumstantial evidence of the conspiracy, particularly regarding the overt acts performed in furtherance of the conspiracy, is all that is ordinarily obtainable before discovery and trial. This is particularly true where, as here, most of the information regarding . . . the formation of the conspiracy are in the hands of the defendant.

*Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir. 1985). Finally, this Court has also stated that "a conspiracy claim may be supported by factual allegations from which the existence of an agreement can be inferred." *Carl v. Galuska*, 785 F. Supp. 1283 (N.D. Ill. 1992).

At this early stage in the present action -- before any discovery has been commenced -- Plaintiff cannot be expected to possess definitive information regarding an express agreement between the defendants. As the Seventh Circuit has established, "the very nature of a conspiracy obscures most, if not all, information about the alleged conspirators' agreement." *See Quinones*, 771 F.2d at 291. Rather, it can be inferred from the factual allegations in Plaintiff's Complaint that the defendants, including Pililimis, agreed/conspired to defraud Plaintiff. Indeed, Plaintiff's Complaint explicitly states that "Defendants Creative Financial, Eugene Bennett, Charles White, Shelly V. Rollinson, and Tommy G. Pililimis conspired to defraud National City by misrepresenting and/or concealing material information relating to the above-referenced loans. . . ." (First Amended Complaint, p. 21). Additionally, Plaintiff's Complaint provided a loan-by-loan breakdown, detailing the tortious scheme the defendants, including Pililimis, employed to defraud Plaintiff. (*See generally id.*). In light of the foregoing, Plaintiff's Complaint certainly

contained factual allegations from which the existence of an agreement could at the very least be inferred. For this reason alone, Pililimis' Motion to Dismiss is due to be denied.

If, however, this Court feels inclined to dismiss Plaintiff's civil conspiracy claim on the technicality that it failed to plead that an express agreement existed between the defendants, Plaintiff urges this Court to permit it to amend its complaint to cure any perceived technical pleading deficiencies.

### B. Pililimis' Motion to Dismiss as to Plaintiff's Aiding and Abetting Claim Fails as a Matter of Law Because Illinois Recognizes a Separate Cause of Action for Aiding and Abetting.

As previously argued in Creative and Bennett's Motion to Dismiss, Pililimis argues that Plaintiff's claim for aiding and abetting fails because it is not a separate cause of action under Illinois law. (Motion to Dismiss, p. 4). In actuality, however, this Court recently held just the opposite -- "that a cause of action exists under Illinois law for aiding and abetting." *Colman v. Greenfield*, 2005 WL 2592538, *1-3 (N.D. Ill. Oct. 11, 2005) (attached hereto as "Exhibit C") ("Because the court concludes that a cause of action exists under Illinois law for aiding and abetting, the court denies defendants' motion to dismiss. . . ."). Thus, it is clear that a separate cause of action does exist for aiding and abetting and that Pililimis' Motion to Dismiss is due to be denied.

### IV. CONCLUSION

Based on the foregoing, Defendant Pililimis' Motion to Dismiss is due to be denied in its entirety. Alternatively, should the Court determine that some of Plaintiff's claims are due to be dismissed, Plaintiff respectfully requests that the Court permit Plaintiff to amend its Complaint to cure any perceived pleading deficiencies.

Respectfully submitted this the 17th day of March, 2008.

NATIONAL CITY BANK

By:   /s/  **Ryan Taylor**
       One of Its Attorneys

Thomas K. Hanekamp
Ryan Taylor
Tressler, Soderstrom, Maloney & Priess, LLP
Sears Tower, Suite 2200
233 South Wacker Drive
Chicago, Illinois 60606
(312) 627-4000

Reid S. Manley
Matthew T. Mitchell
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
(205) 251-3000

*Attorneys For Plaintiff*

RT/323792