# EXHIBIT A

To Plaintiff's Response In Opposition To Defendant's Motion To Dismiss

# Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1
Not Reported in F.Supp.2d, 2006 WL 2916819 (C.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

H
See v. Strunk
C.D.Ill.,2006.
Only the Westlaw citation is currently available.Clara J. SEE, Plaintiff,
v.
Marlaina STRUNK, Blatt Hasenmiller Leibsker & Moore, E. Robert Anderson, and James R. Ping, Defendants.
**No. 06-2064.**

Oct. 10, 2006.

Clara J. See, Hume, IL, pro se.
David L. Hartsell, McGuire Woods LLP, Chicago, IL, for Defendants.

*OPINION*

MICHAEL P. McCUSKEY, Chief District Judge.

*1 A Report and Recommendation (# 17) was filed by the Magistrate Judge in the above cause on September 5, 2006. More than ten (10) days have elapsed since the filing of the Recommendation and no objections have been made. *See* 28 U.S.C. § 636(b)(1). The Recommendation of the Magistrate Judge is, therefore, accepted by the court. *See Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir.1986).

IT IS THEREFORE ORDERED:

(1) Defendants' Motion to Dismiss (# 9) is GRANTED in part and DENIED in part. The Motion to Dismiss is granted with prejudice as to Plaintiff's claim that either the content or mailing of Defendant Blatt Hasenmiller Leibsker & Moore's April 22, 2005 letter violated the Fair Debt Collection Practices Act (FDCPA), granted with prejudice as to Plaintiff's claim that the filing of the state court complaint violated the FDCPA, and granted without prejudice as to Plaintiff's common law fraud claim. The Motion to Dismiss is denied as to Plaintiff's claim that Defendants failed to validate the debt, denied as to Plaintiff's claim that Defendants claimed $250 in attorney fees in the state court case in violation of the FDCPA, and denied as to Plaintiff's claims against Defendants Strunk, Anderson, and Ping. Furthermore, Plaintiff's prayer for punitive damages pending the amendment of her fraud claim is stricken.

(2) Plaintiff is allowed fourteen (14) days to file an amended complaint to remedy her fraud claim.

(3) This case is referred to the Magistrate Judge for further proceedings.
DAVID G. BERNTHAL, Magistrate Judge.

**REPORT AND RECOMMENDATION**

In March 2006, Plaintiff Clara See filed her Complaint (# 1) against Defendants Blatt, Hassenmiller, Leibsker & Moore LLC (hereinafter " BHL & M"), Marlaina Strunk, E. Robert Anderson, and James R. Ping II (hereinafter collectively " Defendants") alleging violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") (15 U.S.C. § 1692) and common law fraud. Federal jurisdiction over the FDCPA claims is based on federal question under 28 U.S.C. § 1331, and jurisdiction over the fraud claim is based on supplemental jurisdiction under 28 U.S.C. § 1367.

In June 2006, Defendants filed a Motion To Dismiss (# 9) based on failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss (# 9) be **GRANTED** in part and **DENIED** in part.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2006 WL 2916819 (C.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

## I. Background

On April 22, 2005, BHL & M mailed Plaintiff a letter alerting her to a debt that she allegedly owed Citibank (South Dakota) (hereinafter "Citibank"), informing her that BHL & M was acting pursuant to the FDCPA to attempt collection of the debt, demanding payment on the debt, and advising her of her rights under the FDCPA with regard to the collection effort. (# 1, ¶ 11; # 1-2, Ex. A.) Plaintiff alleges that this letter failed to notify her that Defendants were debt collectors. (# 1, ¶ 12.)

*2 In response, Plaintiff mailed a letter to BHL & M on or about April 26, 2005. (# 1, ¶ 13; # 1-2, Ex. B.) In this letter, Plaintiff stated that, "in order that I can make arrangements to pay an obligation which I may owe, please document and verify the ' debt' by complying in good faith with this request for validation and notice that I dispute part or all of the alleged debt."(# 1-2, Ex. B.) Plaintiff alleges that Defendants have never complied with her request by presenting her with a validation of the debt. (# 1, ¶ 23 .)

In November 2005, BHL & M signed and filed a civil complaint against Plaintiff See in the Fifth Judicial Circuit Court of Edgar County, Illinois, naming Citibank as plaintiff and naming Plaintiff See as defendant and seeking judgment against Plaintiff See in the amount of the debt. (# 1, ¶ 14; # 1-2, Ex. C.) Although the attorney's signature on this complaint is illegible, BHL & M is listed as Citibank's attorneys. (# 1-2, Ex. C.) In the instant case, Plaintiff alleges that Defendants Anderson and Ping appeared as attorneys representing Citibank in the matter. (# 1, ¶ 7.) Plaintiff also alleges that this filing left her "shocked and extremely upset" inasmuch as "she was, in good faith, waiting for a procedurally proper, lawful validation of the alleged debt" at the time. (# 1, ¶ 15.)

In November 2005, Plaintiff filed an Answer and Counterclaim in the state court case disputing Citibank's right to maintain such a suit, and arguing that the sole purpose of the contract between Citibank and BHL & M was the buying of " charged-off" debt. (# 1, ¶ 16; # 1-2, Ex. D, p. 1.) Plaintiff's counterclaim also alleged that Citibank had prepared and submitted fraudulent documents for the purpose of depriving Plaintiff of her money and property. (# 1-2, Ex. D, p. 3.) The Edgar County circuit court held a hearing in January 2006 at which Plaintiff protested that Defendants had never verified the alleged debt. (# 1, ¶ 21.) Plaintiff alleges that at this hearing the circuit court acknowledged that the debt had not been verified. (# 1, ¶¶ 21-22.)

Although this Court is not aware of the present status of the state court case, Plaintiff alleges that in connection with that case Defendants made a claim for $250. (# 1, ¶ 39.) Plaintiff characterizes this charge as "attorney fees," and attempts to support her claim by referring to an Exhibit J which this Court has not seen. Defendants characterize it as " sanctions" levied by the state court. (# 10, pp. 10-11.) The Court notes that the original complaint in the state court case, filed by BHL & M for Citibank, makes no prayer for attorney fees. (# 1-2, Ex. C.)

Plaintiff alleges that she suffered lost sleep, severe embarrassment, humiliation, stress, and depression for which she was forced to seek medical attention. (# 1, ¶¶ 26-27.) She alleges that she continues to be physically, mentally, and emotionally affected such that she must take prescription medications to cope with daily activities. (# 1, ¶ 28.) Plaintiff demands a jury trial and prays for declaratory and injunctive relief, statutory damages of $1,000 under 15 U.S.C. § 1692k, and punitive damages not in excess of $250,000.

## II. Standard of Review

*3 The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir.1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all inferences in the light most favorable to the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 3
Not Reported in F.Supp.2d, 2006 WL 2916819 (C.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

nonmoving party. *Guitierrez v. Peters,* 111 F.3d 1364, 1368-69 (7th Cir.1997). The Court should grant the motion only if the nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle her to relief. *Bennett v. Schmidt,* 153 F.3d 516, 518-19 (7th Cir.1998). While this standard does not require that a plaintiff plead facts or law to support a claim for relief, a plaintiff may plead herself out of court by alleging facts that defeat recovery. *Doe v. Smith,* 429 F.3d 706, 708 (7th Cir.2005).

### III. Analysis

Plaintiff's *pro se* complaint is written and organized in such a way that her allegations are to some degree unclear. Attempting to identify and attack these claims, Defendants' motion to dismiss is perhaps unavoidably imprecise as well. It is well established that at the pleading stage a court will give the plaintiff the benefit of imagination, and that the Court must liberally construe the pleadings of *pro se* litigants. *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir.1994); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Accordingly, this Court will structure its consideration of Defendants' motion based on what the Court discerns Plaintiff's actual claims to be. The Court's analysis will therefore consider Defendants' motion to dismiss as it pertains to: (1) Plaintiff's claims regarding the April 22, 2005, letter from BHL & M; (2) Plaintiff's claim that Defendants failed to validate her debt; (3) Plaintiff's claims regarding the state court case; (4) Plaintiff's common law fraud claim; (5) Plaintiff's prayer for punitive damages; and (6) the claims related to individual defendants Strunk, Anderson, and Ping.

#### A. Claims Regarding the April 2005 Letter from BHL & M

Plaintiff states two basic claims with regard to the initial letter mailed to her by BHL & M on April 22, 2005. She alleges that (1) the substance of the letter violated 15 U.S.C. §§ 1692e and 1692g (# 1, ¶¶ 30-32); and (2) the mailing of the letter violated 15 U.S.C. § 1692c (# 1, ¶ 33).

#### 1. The Content and Substance of the Letter

Defendants first argue that BHL & M's letter clearly met all notification requirements of Section 1692g and that it did not run afoul of the prohibition in Section 1692e against false or misleading representations by a debt collector. Defendants also argue that these facts are evident upon review of the letter, and that by attaching the letter to her complaint, Plaintiff has pled facts that defeat her claim.

Plaintiff alleges that Defendants' letter "failed to advise Plaintiff that Defendants are debt collectors and, thereby, violated Plaintiff's due process rights expressly reserved at 15 U.S.C. 1692g ."(# 1, ¶ 30.) Plaintiff also alleges that " Defendants' false and misleading representations made to Plaintiff in the April 22, 2005 letter violated 15 U.S.C. § 1692e" and that the letter would be misleading to the least sophisticated consumer, citing *Jeter v. Credit Bureau,* 760 F.2d 1168 (11th Cir.1985). (# 1, ¶¶ 31-32.)

*4 Under the FDCPA provision governing the validation of debts,
[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1/28/2008

Case 1:07-cv-06380   Document 42-2   Filed 03/17/2008   Page 5 of 11

Page 5 of 11

Not Reported in F.Supp.2d                                                                     Page 4
Not Reported in F.Supp.2d, 2006 WL 2916819 (C.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C § 1692g(a). The FDCPA further regulates a debt collector's initial communication with a consumer by providing that in any such communication the debt collector must disclose " that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."15 U.S.C. § 1692e(11).

The letter in question is clearly sufficient under these statutory provisions. In its caption and three paragraphs, it tracks the statutory language with nearly pinpoint precision. All five Section 1692g(a) elements are prominently listed as is the language of the Section 1692e(11) requirement. While the ideas presented in the letter are not elementary, it is difficult for this Court to imagine how a debt collector could be any more clear in light of the statutory requirements. *See Bartett v. Heibl*, 128 F.3d 497, 501-02 (7th Cir.1997) (offering example language of a sufficiently unambiguous communication by a debt collector).

Furthermore, although it is not at all clear that either Sections 1692e or 1692g requires that it do so, BHL & M clearly identifies itself as a debt collector in the opening paragraph of the letter (" Your account has been referred to this office for collection...." (# 1-2, Ex. A)). Again, the letter itself demonstrates that Plaintiff is not entitled to relief on this claim. By attaching the letter to her complaint, Plaintiff has alleged facts that defeat her claim for recovery, thereby pleading herself out of court as to this claim. Thus, with regard to the content of BHL & M's letter, Plaintiff fails to state a claim upon which relief may be granted, and this Court recommends that Defendants' motion be granted.

### 2. The Mailing of BHL & M's Letter

*5 Defendants next argue that Plaintiff's claim with regard to the mailing of the initial letter should be dismissed for failure to state a claim upon which relief can be granted. Defendants contend that Plaintiff has failed to allege any facts showing that Defendants' letter somehow violated the FDCPA provisions regulating the manner in which debt collectors communicate with consumers. Although Defendants inaccurately characterizes that nature of the insufficiency, this Court agrees that the claim cannot survive the motion to dismiss.

The FDCPA regulates the manner in which a debt collector may conduct any communications with a consumer. Under 15 U.S.C. § 1692c(a), a debt collector may not, without the consumer's prior consent: (1) communicate with the consumer at any unusual time or place known to be inconvenient to the consumer; (2) communicate directly with the consumer when the debt collector knows the consumer is represented by an attorney; or (3) communicate with the consumer at the consumer's place of employment when the debt collector knows the consumer's employer prohibits such communication. Plaintiff alleges that "[t]he mailing of the letter to Plaintiff by Defendants" violated this provision. (# 1, ¶ 33.)

The problem with Plaintiff's claim is not that it fails to allege enough facts, as Defendants argue, but that it alleges too many. Plaintiff alleges that it was the "mailing" of the letter that violated Section 1692c, but a simple reading of the clear and unambiguous language of Section 1692c(a) establishes that there is no possible set of facts by which the mailing of a letter could violate any of the Section 1692c(a) provisions. The subsection 1692c(a)(1) "unusual time or place" prohibition contemplates intrusive communications such as telephone calls or fax transmissions. A mailed letter, therefore, could not violate this provision. Nor could any initial communication violate either subsection (2) or (3), each of which requires that the debt collector have some information (i.e., that the consumer is represented by an attorney in subsection (2); that the consumer's employment

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06380   Document 42-2   Filed 03/17/2008   Page 6 of 11

Page 6 of 11

Not Reported in F.Supp.2d                                                                                                       Page 5
Not Reported in F.Supp.2d, 2006 WL 2916819 (C.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

prohibits contact at work in subsection (3)) which a debt collector could not possibly have until after it made the initial contact.

Thus, by specifying that Defendants' violation occurred as a result of the initial mailed letter, Plaintiff has alleged specific facts which defeat recovery. Accordingly, this Court therefore recommends that Defendants' motion to dismiss be granted with regard to the alleged violation of 15 U.S.C. § 1692c.

### B. Defendants' Alleged Failure To Validate the Debt

Defendants next argue that Plaintiff fails to state a claim upon which relief may be granted as to her claim that Defendants failed to verify the debt as required under the provisions of 15 U.S.C. § 1692g(b) upon Plaintiff's timely written dispute of the debt. Specifically, Defendants argue that Paintiff's claim "neglects to tell the whole story."(# 10, p. 6.) Of course, the Federal Rules do not require a plaintiff to "tell the whole story" in order to survive a motion to dismiss.

*6 Subsection (b) of Section 1692g requires that if a consumer, in writing and within the thirty-day window provided in subsection (a), disputes the debt, or any part thereof:
[T]he debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

Plaintiff alleges that on or about April 26, 2005, Plaintiff sent a BHL & M a letter which read in part, "[P]lease document and verify the 'debt' by complying in good faith with this request for validation and notice that I dispute part or all of the alleged debt ."(# 1, ¶ 13, Ex. B.) This letter, mailed well within the thirty-day window, was clearly sufficient under Section 1692g(b) to trigger BHL & M's statutory obligation to mail Plaintiff the required validation. Plaintiff further alleges that " [a]s of the date of the filing of this Complaint ... no procedurally proper, lawful validation of the alleged debt has ever been presented to Plaintiffs by Defendants."(# 1, ¶ 23.)

So stated, the claim simply and directly narrates a grievance, giving Defendants adequate notice of the grounds on which Plaintiff's claim rests. As such, it is clearly sufficient to satisfy the Rule 8(a)(2) requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief."FED.R.CIV.P. 8(a)(2); *see Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002).

Defendants' sole ground for the motion to dismiss this claim is their assertion that they actually did send Plaintiff the requested verification, as required under Section 1692g(b). In support, Defendants have attached to their motion the affidavit of K. Wake. Defendants contend that the Court may consider this affidavit because it is central to Plaintiff's claim and referred to in Plaintiff's complaint.

Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, a court may consider documents attached to a Rule 12(b)(6) motion to dismiss when those documents are central to the plaintiff's claim and referred to in the plaintiff's complaint. FED.R.CIV.P. 10(c); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993) (allowing consideration of documents that formed "the core of the parties' contractual relationship" and to which the plaintiff's complaint had specifically referred); *Wright v. Assoc. Ins. Co. Inc.,* 29 F.3d 1244, 1247-48 (7th Cir.1994) (allowing consideration of an employment contract that was the basis of the plaintiff's Section 1983 claim and which the plaintiff's complaint repeatedly quoted).

The instant situation is easily distinguished as to each requirement. The case law establishes that a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2006 WL 2916819 (C.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

document central to a plaintiff's complaint is one that is foundational to the claim therein. Here, Plaintiff's claim is founded on what she alleges Defendants did not do. An affidavit tending to show otherwise may be central to Defendants' rebuttal of the claim, but it is not a document central to Plaintiff's claim.

*7 Neither does Plaintiff's complaint make any reference to the existence of a verification letter. On the contrary, Plaintiff specifically alleges that she had never been presented with any such document and that Defendants had refused to validate. (# 1, ¶¶ 23, 34.) This Court will not read Plaintiff's claim of the absence of any document to somehow constitute a reference to the specific document that Defendants seek to have considered. As such, the affidavit of K. Wake is outside the pleadings for the purposes of Defendants' motion to dismiss, and this Court will not consider it at this stage.

Defendants may present evidence that it validated the debt at the summary judgment stage. At that time, after both parties have had ample chance to brief the Court on the issue, it may well be that no genuine issue of material fact exists and that Defendants will prevail. That time, however, is not yet, and the Court declines to convert Defendants' motion to dismiss into a motion for summary judgment by considering matters outside the pleadings. Therefore, with regard to the claim that Defendants BHL & M violated 15 U.S.C. § 1692g(b) by failing to validate the disputed debt, this Court concludes that Plaintiff has adequately stated a claim and recommends that Defendants' motion be denied.

### C. Claims Regarding the State Court Case

Plaintiff makes two claims in connection with the proceedings related to the state court case, as follows: (1) by filing a complaint in the state court, Defendants violated the 15 U.S.C. § 1692f prohibition against the use of unfair or unconscionable means to collect a debt (# 1, ¶ 36); and (2) by claiming $250 for attorney fees Defendants violated 15 U.S.C. § 1692f(1). Defendants move to dismiss each claim for failure to state a claim upon which relief may be granted.

### 1. Defendants' State Court Filing

The Court initially notes that Defendants' argument in support of this part of their motion is inapposite, largely as a result of Plaintiff's allegation, which suffers from a minor, though unfortunately placed, typographical error. Nonetheless, this Court will take the complementary and appropriate twin measures of liberally construing Plaintiff's allegation as she clearly intended to state it and of considering Defendants' motion to dismiss in spite of its misdirected argument.[FN1] The result of this rather confused engagement is simple: Plaintiff's allegation fails to state a claim upon which relief may be granted.

> FN1. In her complaint, Plaintiff states that "the filing of the complaint against Plaintiff in the ECFJCC was an unfair and/or unconscionable means to collect an alleged debt and, therefore, in violation of 15 U.S.C. § 1602f."(# 1, ¶ 36 (emphasis added).) In their brief, Defendants move to dismiss on the ground that Section 1602(f) "merely defines what a creditor is" and is entirely unrelated to Plaintiff's allegation. (# 10, p. 8.) The Court assumes that this is a simple typographic error and that Plaintiff meant to refer to Section 1692f. This construction is appropriate in light of the overall substance of the misstated allegation, Plaintiff's larger complaint (in which every other statutory reference is to Section 1692), and the liberal reading given a *pro se* complaint.

In prohibiting "unfair practices," the FDCPA states that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" and then lists eight examples of such behaviors. 15 U.S.C. § 1692f. Plaintiff alleges

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1/28/2008

Not Reported in F.Supp.2d    Page 7

Not Reported in F.Supp.2d, 2006 WL 2916819 (C.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

that Defendants' act of filing a complaint in state court for the purpose of seeking collection of the debt violated this provision. (# 1, ¶ 36.) Plaintiff ties this allegation to Defendants' alleged failure to validate, stating that she was "shocked and extremely upset when she received documentation of the Fifth Judicial Circuit Court filing because [Plaintiff] was, in good faith, waiting for a procedurally proper, lawful validation of the alleged debt."(# 1, ¶ 15.)

*8 As a matter of statutory construction, Section 1692f permits no such claim. The Court notes initially that Section 1692g(b) creates a cause of action for failure to validate. Plaintiff has adequately stated a claim under that section. Insofar as Plaintiff alleges that Defendants, having failed to validate, can be liable under 1692f for their small claims filing, the Court concludes that Plaintiff's claim is inconsistent with the language and purpose of the statute.

Although Section 1692f explicitly allows for its "general application" beyond the list of prohibited behaviors, a reading of the enumerated examples readily supports the conclusion that the statute did not intend to prohibit otherwise legal collection filings in small claims court. Notably, the list prohibits the following:
[T]aking or threatening to take any *nonjudicial action* to effect dispossession or disablement of property if: (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6) (emphasis added). A sound interpretation of Section 1692f leads the Court to conclude that Congress did not intend to prohibit as unfair Defendants' filing of a suit in small claims court to collect the alleged debt.

For these reasons, the Court concludes that Plaintiff has failed to adequately state a claim upon which relief may be granted, and therefore recommends that Defendants' motion to dismiss be granted with prejudice as to Plaintiff's claim that Defendants violated Section 1692f by filing the state court suit.

**2. The $250 Fee in the State Court Case**

Defendants next argue that Plaintiff's claim with regard to a disputed fee of $250 fails to state a claim. Specifically, Defendants contend that the $250 was not an award of attorney fees but rather a sanction imposed by the Circuit Court for Plaintiff's improper filings seems a more plausible explanation. Under that scenario, the $250 would be authorized as "permitted by law" under Section 1692f(1) of the FDCPA

Plaintiff alleges that Defendants violated Section 1592f(1) of the FDCPA by claiming $250 for attorney fees in the state court case. (# 1, ¶ 39.) This subsection, one of the nonexclusive list of " unfair or unconscionable means" of collection, prohibits "the collection of any amount (including interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."15 U.S.C. § 1692f(1). In support, Plaintiff refers to an Exhibit J which is nowhere to be found in her filings.

Plaintiff is under no obligation at the pleadings stage to state a claim that is either plausible or supported by factual allegations. She must only narrate a grievance such that Defendants know of what they are accused. *Doe,* 429 F.3d at 707. Plaintiff has done that here. If, at the summary judgment stage or thereafter, Plaintiff can prove that the $250 constituted attorney fees, then she may prevail under Section 1692f(1). If Defendants can establish that it was a sanction, then she may not. Either way, the claim as stated is sufficient to survive a motion to dismiss, and this Court recommends that Defendants' motion be denied as to this claim.

**D. Plaintiff's Common-Law Fraud Claim**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*9 Defendants next argue that Plaintiff's claims of common-law fraud lack the particularity required for such claims under Rule 9(b) and therefore should be dismissed for failing to state a claim.

In contrast to the generally permissive standard for stating a claim under the Federal Rules of Civil Procedure, Rule 9(b) establishes a heightened standard for claims of fraud, requiring that "the circumstances constituting fraud ... shall be stated with particularity."FED.R.CIV.P. 9(b). This rule requires that in the complaint, not in any attachments, a plaintiff must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."*Kennedy v. Venrock Assoc.,* 348 F.3d 584, 593 (7th Cir.2003) (quoting *Sears v. Likens,* 912 F.2d 889, 893 (7th Cir.1990)). Requiring a plaintiff to conduct the sort of pre-complaint investigation necessary to support such an claim recognizes the damage that a charge of fraud can do to one's good name and seeks to ensure that such claims are responsible and supported. *See Ackerman v. N.W. Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir.1999).

Plaintiff's allegations here fall well short of this standard. Plaintiff alleges that Defendants fraudulently misrepresented that Citibank was the plaintiff in the state court case when in fact it was defendant BHL & M. Plaintiff then charges that this misrepresentation resulted both in a violation of Section 1692f of the FDCPA and in BHL & M's attempt at unlawful enrichment in the amount of the debt. (# 1, ¶¶ 40, 42.) The Court has considered Plaintiff's Section 1692f claim above.

Looking only at the complaint, the claim meets some of the particularity requirements, but not all. Plaintiff does allege the method by which the misrepresentation was communicated: the state court filing. (# 1, ¶ 40). Likewise, it is possible to discern something of the content of the alleged fraud, although a clearer statement as to this element would be preferable. (# 1, ¶ 40.) The complaint, however, does not state the identity of the person making the misrepresentation, the time that it was made, or the place that it was made. Without these, the law is clear that this claim fails for want of specificity.

Therefore, Plaintiff's allegations of common-law fraud fail to state a claim upon which relief may be granted and the Court recommends granting Defendants' motion to dismiss as to this claim. Plaintiff may amend her complaint as to this claim so as to meet the particularity requirements of Rule 9(b). The Court notes, however, that Plaintiff's amended complaint must contain all necessary particulars on its face. It may not depend on any attachments or affidavits to fill in the gaps in the story. *See Kennedy,* 348 F.3d at 593.

### E. Punitive Damages

Defendants next argue that the FDCPA does not provide for an award of punitive damages and that the Court should therefore dismiss Plaintiff's prayer for punitive damages. Because prayers for relief are not claims and cannot be dismissed pursuant to a Rule 12(b) motion, the Court will consider this motion as a motion to strike Plaintiff's prayer for punitive damages under Rule 12(f).FED.R.CIV.P.12(f).

*10 The FDCPA provides, in pertinent part, that a debt collector found to have violated any of its provisions will be liable to the injured person for: (1) actual damages; (2) statutory damages that may not exceed $1000 in the case of any claim brought by an individual; and (3) if the action is successful in enforcing liability as to either (1) or (2), the costs of the action plus any reasonable attorney's fees as determined by the court. 15 U.S.C. § 1692k(a). This section further provides that in an individual action, the court shall consider, among other factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."15 U.S.C. § 1692k(b)(1).

Thus, the plain language of the statute indicates that an award of punitive damages is unavailable as

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 9
Not Reported in F.Supp.2d, 2006 WL 2916819 (C.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

a remedy for any violation of the FDCPA, although under Illinois law punitive damages are available within permissible bounds as a recovery for an adequate claim of willful fraud. *Compare Randolph v. IMBS, Inc.,* 368 F.3d 726, 730 (7th Cir.2004) (recognizing that punitive damages are not available under the FDCPA), *and Kobs v. Arrow Serv. Bureau, Inc.,* 134 F.3d 893, 898 (7th Cir.1998) (holding that statutory damages under the FDCPA served an essentially punitive function and as such should be submitted to the jury), *with Kapelanski v. Johnson,* 390 F.3d 525, 534 (7th Cir.2004) (citing *Cirrincione v. Johnson,* 703 N.E.2d 67, 70 (Ill.1998)) (recognizing the availability of punitive damages under Illinois law for a valid claim of fraud).

Plaintiff seeks an award of damages of no greater than $250,000 "as a means to cause [Defendants] to amend their bad behavior."(# 1, ¶ 49.) As long as Plaintiff's claims against Defendants are limited to violations of the FDCPA, her claim will not support any award of punitive damages. Her claim for punitive damages, therefore, must rise and fall with her common-law fraud claim.

Thus, the Court recommends that Defendants' motion to strike the punitive damages portion of Plaintiff's prayer for relief be granted without prejudice. Because Plaintiff's prayer for punitive damages is bound with her claim of fraud, she may pray for those damages again if she chooses to amend her complaint to state a fraud claim.

### F. Motion To Dismiss Defendants Strunk, Anderson, and Ping

Defendants finally argue that Plaintiff's complaint is "virtually silent" as to claims against individual Defendants Strunk, Anderson, and Ping and that this Court should dismiss them. (# 10, pp. 13-14.)

The FDCPA applies to "debt collectors," defined under the statute as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."15 U.S.C. § 1692a(6). Furthermore, an individual may be held personally liable for a corporation's violations of the FDCPA if he or she is personally involved in the violation.*Petit v. Retrieval Masters Creditors Bureau, Inc.,* 42 F.Supp.2d 797, 803 (N.D.Ill.1999).

*11 Here, Plaintiff's allegations are more than adequate to state claims as to the individual defendants Strunk, Anderson, and Ping. She identifies each and specifies the personal connection of each to the alleged wrongful conduct. (# 1, ¶¶ 6-7.) She further collectively asserts all of her claims against "Defendants" throughout the complaint. (# 1, *passim.*) It is of no significance to the adequacy of her legal claims that Plaintiff chose not to specifically name the individual defendant(s) in connection with any given claim. She has adequately identified each individual defendant and alleged their personal involvement in the alleged violations. Questions of who did what are properly left to the discovery stage.

Therefore, subject to the Court's prior recommendations as to Defendants' motions on other parts of the complaint, this Court concludes that Plaintiff's allegations as to the individual Defendants are sufficient, and recommends denying Defendants' motion to dismiss as to them.

### G. Plaintiff's 15 U.S.C. § 1692d Claim

Finally, in the interest of the clarity, the Court notes the existence of one remaining claim that Defendants chose not to address in the instant motion: Plaintiff alleges that the natural consequences of Defendants' actions identified throughout the complaint were "calculated to oppress or abuse Plaintiff under color of law," and that these actions therefore violated 15 U.S.C. § 1692d. (# 1, ¶ 43.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                     Page 10

Not Reported in F.Supp.2d, 2006 WL 2916819 (C.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

### IV. Summary

For the reasons set forth above, this Court recommends that Defendants' Motion to Dismiss (# 9) be **GRANTED** in part and **DENIED** in part. Specifically, the Court makes the following recommendations: **Grant** the motion to dismiss with prejudice as to Plaintiff's claim that either the content or mailing of BHL & M's April 22, 2005, violated the FDCPA; **deny** the motion to dismiss as to Plaintiff's claim that Defendants failed to validate the debt; **grant** the motion to dismiss with prejudice as to Plaintiff's claim that the filing of the state court complaint violated the FDCPA; **deny** the motion to dismiss as to Plaintiff's claim that Defendants claimed $250 in attorney fees in the state court case in violation of the FDCPA; **grant** the motion to dismiss without prejudice as to Plaintiff's common law fraud claim; **strike** Plaintiff's prayer for punitive damages pending the amendment of Plaintiff's fraud claim; and, finally, **deny** the motion to dismiss as to Plaintiff's claims against individual Defendants Strunk, Anderson, and Ping. Where dismissal is without prejudice, the Court recommends that Plaintiff shall be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. V. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir.1986).

C.D.Ill.,2006.
See v. Strunk
Not Reported in F.Supp.2d, 2006 WL 2916819 (C.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1/28/2008