# EXHIBIT B

To Plaintiff's Response In Opposition To Defendant's Motion To Dismiss

Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2005 WL 3481542 (S.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

▷
Miller v. Hypoguard USA, Inc.
S.D.Ill.,2005.
Only the Westlaw citation is currently available.
United States District Court,S.D. Illinois.
Michael MILLER and W.C. Cole, on behalf of themselves and all others similarly situated, Plaintiffs,
v.
HYPOGUARD USA, INC., Medisys Usa, Inc., Liberty Medical Supply, Inc., and Fox Med-Equip Services, Inc., Defendants.
No. 05-CV-0186-DRH.

Dec. 20, 2005.

Andrea B. Lamere, T. Evan Schaeffer, Schaeffer & Lamere, PC, Godfrey, IL, Jeffrey J. Lowe, Jeffrey J. Lowe, P.C., St. Louis, MO, for Plaintiffs.
Brent R. Austin, Lisa S. Simmons, Wildman, Harrold et al., Chicago, IL, Joseph P. Whyte, Robert H. Shultz, Jr., Heyl, Royster et al., Edwardsville, IL, Kurt E. Reitz, Heath H. Hooks, Thompson Coburn, Belleville, IL, for Defendants.

MEMORANDUM and ORDER

HERNDON, J.

I. *Introduction and Procedural Background*

*1 Now before the Court is Defendants Hypoguard and Medisys' motion to dismiss (Doc. 51).[FN1] Plaintiffs oppose the motion (Doc. 61). Based on the pleadings, the applicable law and the following, the Court grants in part and denies in part Defendants' motion to dismiss.

FN1. Defendant Liberty Mutual joined in the motion to dismiss (Docs. 59 60, & 63).

On May 27, 2005, Plaintiffs filed a First Amended Complaint (Doc. 39). The First Amended Complaint added a new Defendant Fox Med-Equip Services, Inc. ("Fox Med-Equip") and deleted Fox Medical and Martin as Defendants. The First Amended Complaint, as their original complaint, alleges mainly state law causes of action: Count I-breach of implied warranty; Count II-breach of express warranty; Count III-breach of contract; Count IV-breach of implied warranty under the Magnuson-Moss Act; Count V-Illinois Consumer Fraud and Deceptive Practices Act/Minnesota Deceptive Trade Practices Act; and Count VI-common law fraud. Plaintiffs seek actual and compensatory damages arising out of the manufacturing, marketing and sale of the Hypoguard "Advance Blood Glucose Monitor, and the "Assure" I, II or III or Quick Tek blood glucose monitors. Plaintiffs contend that the blood glucose monitors and/or strips were defectively designed and/or manufactured resulting in inaccurately high or low readings. Plaintiffs also allege that Defendants made material misrepresentations and concealed material facts in connection with the marketing, sale and warranty of the Hypoguard blood glucose monitors.[FN2]

FN2. As to the claims against Hypoguard and Medisys, Plaintiffs purport to represent the following class: "all persons and entitles residing in the United States who purchased Hypoguard Advance or Assure blood glucose monitors from retail distributors such as Liberty and Fox Medical and/or directly from Hypoguard." (Doc. 39, ¶ 20).

As to the claims against Liberty Mutual, Plaintiffs intend to represent the following class: " all persons and entitles residing in the United States who purchased Hypoguard Advance or Assure blood glucose monitors from Liberty."(Doc. 39, ¶

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 2

Not Reported in F.Supp.2d, 2005 WL 3481542 (S.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

22)

As to the claims against Fox Medical, Plaintiffs seek to represent the following class: "all persons and entities residing in the State of Illinois who purchased Hypoguard Advance or Assure blood glucose monitors from Fox Medical."(Doc. 39, ¶ 23).

Defendants move to dismiss Plaintiffs' First Amended Complaint arguing that it fails as a matter of law. As to Counts I and IV, Defendants argue that these claims fail as a matter of law as breach of implied warranty claims that seek only economic damages can only be brought against those in privity with Plaintiffs and Plaintiffs fail to allege that they gave Defendants notice of the alleged breach. Defendants maintain that Count II fails because the warranties attached to the complaint to do extend to the "design" claims and Plaintiffs fail to allege that they gave Defendants notice of the alleged breach. Defendants contend that Count III fails to state a claim because Plaintiffs have failed to plead the necessary elements of the claim. As to Counts V and VI, Defendants argue that these fail to state a claim because Plaintiffs did not plead the requisite elements of such claims, including any deception or misrepresentation, with the particularity required by Rule 9(b). Lastly, Medisys claims that it should be dismissed because Plaintiffs only allege that Medisys is the parent company of Hypoguard and that Hypoguard manufactured and sold the blood glucose monitors. This alone is not legally sufficient to state any claims against Medisys.

II. *Analysis*

In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir.2005). In making such evaluation, however, the court generally should consider only the allegations of the complaint. *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir.2005)."Dismissal is proper under Rule 12(b)(6) only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Indeed, if it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Brown*, 398 F.3d at 909 (internal quotations omitted). "Whether a complaint sufficiently states a claim turns on whether it meets the general rules of pleading a claim for relief. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing the pleader is entitled to relief.' This 'short and plain statement' requires a plaintiff to allege no more than 'the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer.' " *Id.* at 908.However, FEDERAL RULE OF CIVIL PROCEDURE 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

*Counts I II, and IV*

*2 In Counts I, II and IV, Plaintiffs allege breach of implied warranty, breach of express warranty and breach of implied warranty under the Magnuson-Moss Act. Defendants argue that the Court should dismiss these claims because Plaintiffs have failed to provide proper notice to Defendants of the alleged breach as required by 810 ILCS § 5/2-607(3)(a). Plaintiffs argue that Defendants should be estopped from arguing lack of notice because it deliberately failed to disclose the defect to the public and that the notice requirement should not be rigidly applied in consumer class actions. The Court rejects Plaintiffs' argument.

Section 2-607(3)(a) provides, in relevant part, that: "The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."810 ILCS 5/2-607(3)(a). Likewise, under Section 2310(e) of the Magnuson-Moss Act, no

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1/28/2008

Not Reported in F.Supp.2d

Page 3

Not Reported in F.Supp.2d, 2005 WL 3481542 (S.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

individual or class claim may be maintained "unless the person obligated under the warranty or service contract is afforded a reasonable opportunity to cure such failure to comply."15 U.S.C. § 2310(e); *see also Borowiec v. Gateway 2000, Inc.,* 209 Ill.2d 376, 387, 283 Ill.Dec. 669, 808 N.E.2d 957 (Il.2004).

In *Connick v. Suzuki Motor Co., Ltd.,* 174 Ill.2d 482, 221 Ill.Dec. 389, 675 N.E.2d 584, 590 (1996), the Illinois Supreme Court explained that section 2-607(3)(a) requires a plaintiff to notify the defendant of the claimed deficiency in its product prior to filing suit. *Connick,* 221 Ill.Dec. 389, 675 N.E.2d at 590. Under Illinois law [t]here are instances ... when a buyer can fulfill the notice requirement without giving direct notice to the seller. Direct notice is not required when (1) the seller has actual knowledge of the defect of the particular product, *Malawy v. Richards Manufacturing Co.,* 150 Ill.App.3d 549, 103 Ill.Dec. 355, 501 N.E.2d 376 (1986)); or (2) the seller is deemed to have been reasonably notified by the filing of the buyer's complaint alleging breach of UCC warranty (*Perona v. Volkswagen of America, Inc.,* 276 Ill.App.3d 609, 213 Ill.Dec. 328, 658 N.E.2d 1349 (1995)).*Connick,* 221 Ill.Dec. 389, 675 N.E.2d at 589.

"The notice of the breach required is not of the facts, which the seller presumably knows quite as well as, if not better then, the buyer, but of the *buyer's claim* that they constitute a breach."*Id.,* at 590.Rather, "even if a manufacturer is aware of the problems with a particular product line, the notice requirement of section 2-607 is satisfied only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer."*Id.*

Based on the allegations, the Court finds that Plaintiffs failed to give proper notice and that neither exception to the notice requirement applies to this case. In response to the motion and in their First Amended Complaint, Plaintiffs concede that notice was not given. The First Amended Complaint merely states: "Defendants should also be estopped from arguing that Plaintiffs failed to provide notice of the breach because it deliberately failed to disclose the defect to the public. Defendant had ample notice of the defect in the products well before the lawsuit was filed, and indeed, well before Plaintiffs themselves did, and chose not to remedy the defects."(Doc. 39, ¶¶ 51 & 52). The First Amended Complaint does not allege that they notified Defendants that there were problems with their monitors or that they believed that the monitors beached any express or implied warranties. Plaintiffs have not alleged actual knowledge of the alleged breach of the particular products purchased by themselves in this lawsuit. The Court finds that Plaintiffs' allegations are insufficient.

*3 Further, the second exception (that "the seller is deemed to have been reasonably notified by the filing of the buyer's complaint alleging breach of UCC warranty") does not apply here because that exception is limited to situations involving personal injury, which Plaintiffs have not alleged.*Id.* ("Only a consumer plaintiff who suffers a personal injury may satisfy the section 2-607 notice requirement by filing a complaint ... against the seller."). Accordingly, neither exception applies to excuse Plaintiffs' failure to notify Defendants of the claimed breached of implied warranty, breach of express warranty and breach of implied warranty under the Magnuson-Moss Act. Thus, the Court dismisses with prejudice Counts I, II and IV of Plaintiffs' First Amended Complaint.

*Count III*

Next, Defendants argue that Count III, the breach of contract claim, must be dismissed because Plaintiffs have not pled the required elements and that Plaintiffs admit that they did not purchase their blood glucose monitors from Hypoguard or Medisys. Plaintiffs counter that they have stated a cause of action against Defendants for breach of contract. Based on the pleadings, the Court finds that Plaintiffs have stated a claim for breach of contract.

Under Illinois law, to state a cause of action for breach of contract, a plaintiff must show: (1) the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1/28/2008

Not Reported in F.Supp.2d                                                                                                          Page 4

Not Reported in F.Supp.2d, 2005 WL 3481542 (S.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

existence of a valid contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury to the plaintiff. *Priebe v. Autobarn Ltd.,* 240 F.3d 584, 587 (7th Cir.2001).

In Count III, Plaintiffs allege:
"In connection with sales of Hypoguard blood glucose monitors and strips to plaintiffs and the Class Members, entered into a contract for the purchase of Hypoguard Blood Glucose monitors that were easy to use, accurate, and reliable. Because the short-fill detector has been disabled and the fact that the Hypoguard blood Glucose monitoring system is neither easy-to-use reliable nor accurate, defendants breached their contract with plaintiffs. As a result of defendants's breach of the contract, plaintiffs have been damaged in the amount that they paid for the blood glucose monitor and the supplies ..."

(Doc. 39, ¶¶ 59-61).

Albeit sparse, Plaintiffs have delineated facts sufficient to allow the Court to "understand the gravamen of the plaintiff's complaint" as to their breach of contract claim. *Kyle v. Morton High School,* 144 F.3d 448, 455 (7th Cir.1998). Affording the complaint a liberal construction, this Court cannot say that "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."*Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir.1997) (citing *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). Thus, the Court denies Defendants' motion to dismiss Count III of the First Amended Complaint.

*Counts v. and VI*

As to Counts V and VI, the statutory and common law fraud claims, Defendants argue that Plaintiffs failed to plead these counts with the particularity required under Federal Rule of Civil Procedure 9(b). Specifically, Defendants contend that Plaintiffs did not allege the particular misrepresentations that was made; the time, place or content of that alleged misrepresentation; the method by which it was communicated; or the who, when or how regarding the misrepresentations. Plaintiffs contend that they have pled the claims with particularity. Specifically, Plaintiffs argue that they have alleged that Defendants engaged in deceptive trade practices by selling blood glucose monitors that did not give accurate readings, yet made material representations to Plaintiffs and the class that Hypoguard blood glucose monitors gave accurate readings.[FN3]

FN3. In response to this argument, Plaintiffs refer to documents outside the pleadings. This is not proper and the Court will not consider these documents. Fed.R.Civ.P. 12(b); *Berthold Types Ltd. v. Adobe Sys. Inc.,* 242 F.3d 772, 775-76 (7th Cir.2001)(judge may rule on motion to dismiss if documents "outside four corners of complaint" not considered); *Loeb Indus., Inc., v. Sumitomo Corp.,* 306 F.3d 469, 479 (7th Cir.2002); *Centers,* 398 F.3d at 933.

*4 Federal Rule of Civil Procedure 9(b) provides:
Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent knowledge, and other condition of mind of a person may be averred generally.

Rule 9(b) requires that a plaintiff provide the " who, what, when, where, and how: the first paragraph of any newspaper story."*DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990). The purpose of Rule 9(b), in regards to fraud claims, "is to minimize the extortionate impact that a baseless claim of fraud can have on a firm or an individual" because, if a fraud claim is too vague during discovery, the claim "will stand unrefuted, placing what may be undue pressure on the defendant to settle the case in order to lift the cloud on its reputation."*Fidelity [ ]at. Title Ins. Co. of [ ]ew York v. Intercounty [ ]at. Title Ins. Co.,* 412 F.3d 745, 748-49 (7th Cir.2005).Rule 9(b) requires a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1/28/2008

Not Reported in F.Supp.2d                                                                                          Page 5
Not Reported in F.Supp.2d, 2005 WL 3481542 (S.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

plaintiff to provide sufficient specificity to allow a defendant accused of fraud to respond "swiftly and effectively if the claim is groundless."*Id.*

The Court finds that based on the allegations in the First Amended Complaint, Plaintiffs have failed to plead with particularity the allegations of fraud in Counts V and VI. Thus, the Court grants Defendants' motion to dismiss *without prejudice* as to these claims. The Court allows Plaintiffs to amend their complaint as to these claims but they must follow the requirements of Rule 9(b).

*Claims against Medisys USA, Inc.*

Defendants argue that the Medisys should be dismissed with prejudice because Plaintiffs make no allegations concerning Medisys. Spefically, Defendants argue that all that Plaintiffs allege is that Medisys is the parent company of Hypoguard and that Hypoguard manufactured the blood glucose monitors that Plaintiffs purchased and that a parent-subsidiary relationship is not legally sufficient to support any of Plaintiffs' claims against Medisys. In response to Defendants' motion, Plaintiffs do not address this particular argument. A review of the pleadings and the First Amended Complaint, shows that Defendants are correct. The only specific allegations as to Medisys are as follows: (1) "Defendant Medisys USA, Inc. controls the operations of Hypoguard USA, Inc. Hypoguard USA, Inc. is a division or wholly owned subsidiary of Medisys."(Doc. 39, ¶ 14) and (2) "The Class against defendants Hypoguard and Medyis includes all persons and entities residing in the United States who purchased Hypoguard Advance or Assure blood glucose monitors from retail distributors such as Liberty and Fox Medical and/or directly from Hypoguard...." (Doc. 39, ¶ 20). The remaining allegations that could be construed as against Medisys are general allegations in which Plaintiff merely alleges "Defendants" and "the Hypoguard defendants." (Doc. 39). Based on these scant allegations against Medisys, the Court finds that dismissal is proper.[FN4] The Court dismisses without prejudice Medisys as a Defendant in this matter.

FN4. As a general rule, a parent company is not liable for the acts of the subsidiary. *See, e.g. Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co.,* 826 F.2d 725, 728 (7th Cir.1987). Plaintiffs have not alleged facts indicating that they are seeking to pierce the corporate veil.

III. *Conclusion*

*5 Accordingly, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss (Doc. 11). The Court DISMISSES with prejudice Counts I, II and IV of the Amended Complaint. Further, the Court DISMISSES without prejudice Counts V and VI of the Amended Complaint and Defendant Medisys. The Court ALLOWS Plaintiffs up to and including January 16, 2006 to file an amended complaint that comports with this Order, the Federal Rules of Civil Procedure and the Local Rules.

IT IS SO ORDERED.

Signed this 19th day of December, 2005.

S.D.Ill.,2005.
Miller v. Hypoguard USA, Inc.
Not Reported in F.Supp.2d, 2005 WL 3481542 (S.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.