**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NATIONAL CITY BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07 C 6380 |
| | ) | |
| **CREATIVE FINANCIAL SOLUTIONS, LTD.,** | ) | Judge Bucklo |
| **EUGENE BENNETT, CHARLES WHITE,** | ) | |
| **SHELLY V. ROBINSON, and** | ) | Magistrate Judge Cole |
| **TOMMY G. PILILIMIS**, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TOMMY G. PILILIMIS' REPLY IN SUPPORT
OF MOTION TO DISMISS COUNTS IV AND V OF PLAINTIFF'S
<u>FIRST AMENDED COMPLAINT</u>**

NOW COMES Defendant, TOMMY G. PILILIMIS ("Pililimis"), by and through his attorneys, Anthony Pinelli and Susan M. Pavlow, and replies in support of his motion to dismiss Plaintiff's first amended complaint.

<u>**THE STANDARD**</u>

Plaintiff cites to *Gutierrez v. Peters*, 111 F.3d 1364, 1368 (7th Cir. 1997) for the standard to be used by the court in deciding this motion. That decision obviously does not incorporate the standard set by the United States Supreme Court in *Bell Atlantic Corporation v. Twombly* ___US___, 127 S.Ct. 1955, 1964-65 (2007). In that case, United States Supreme Court found allegations of conspiracy to be insufficient as Plaintiff failed to allege the Defendant's action or inaction with a plausible suggestion of conspiracy. (127 S.Ct. at 1970). The standard set by the court under Rule 12(b)(6) requires something

more than a suspicion of a cause of action.

In this case, the allegations are that mortgages were improperly obtained by certain individuals who are not defendants in the case. It is alleged that Pililimus provided inflated appraisals for certain of these properties. The complaint does not reveal the extent of the overvaluation, the basis for the conclusion that the appraisals misstated the value of the property, which party hired Pililimis to perform the appraisals or whether his conduct was anything other than negligent in support of the conclusion. There is no allegation as to how the appraisals caused the issuance of the mortgages or the basis for the conclusion that the mortgages defaulted due to the appraisals. Thus, nothing links this Defendant to the alleged damages sought in this case.

This complaint does not contain enough facts to state a plausible cause for relief on its face. Thus, under the correct standard, Counts IV and V of the complaint should be dismissed. *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. at 1973.

## COUNT IV – CIVIL CONSPIRACY

In its response, Plaintiff does not point to any paragraph of its complaint alleging an agreement between Pililimis and any of the other alleged co-conspirators. Plaintiff supports the allegation of an agreement in the complaint with "information and belief" only. Further, Plaintiff provides no authority distinguishing the Seventh Circuit's language in *Bankers Trust Co. v. Old Republic Inc. Co.*, 858 F.2d 677 (7th Cir. 1992).

> "Bankers Trust did not have to get into depth of detail of the preceding paragraph. The allegations of fraud that it was required to make, however, are made in its complaint on 'information and belief,' a clearly

> improper locution under the current Federal Rules which impose (in the Amended Rule 11) a duty of reasonable precomplaint inquiry not satisfied by rumor or hunch."

959 F.2d, 683

In its response, Plaintiff relies on its loan by loan breakdown to provide the necessary detail. However, these paragraphs contain no mention of facts supporting the conclusion that Pililimis communicated with the alleged co-conspirators, let alone agreed to conspire with them.

Count IV is a conspiracy allegation failing to allege an agreement, and as such, should be dismissed. If Plaintiff possesses information that Pililimis agreed with the other Defendants, an amended complaint can remedy this fault and notify the Defendant of the facts alleged regarding his conduct.

The failure to plead these facts is not a technicality. It is well recognized that a fraud claim itself can have serious consequences. While it stands unrefuted, it also brings with it an extortionate impact and collateral damage to Defendant. *Fidelity Title Insurance Co. of New York v. Intercounty Title Insurance Co.*, 412 F.3d 745, 748 (7th Cir. 2007). It is not too much to ask Plaintiff to meet the pleading standard required for such a claim.

## COUNT V – AIDING AND ABETTING

Pililimis respectfully submits that if the conspiracy count is dismissed, the aiding and abetting count should be dismissed along with that claim. The first amended complaint alleges only that Pililimis overvalued certain properties in making appraisals. It contains no facts indicating that he did so to aid or abet any party to this lawsuit or the alleged conspiracy.

Count V alleges the legal conclusion of aiding and abetting but again provides no allegation of

communication or agreement between the parties in a claim that is an extension of the alleged conspiracy. Thus, we respectfully submit that this claim should be dismissed for the reasons discussed regarding Count IV.

## CONCLUSION

For the reasons stated herein, Defendant Tommy G. Pililimis, respectfully requests this Honorable Court dismiss Count IV and V of Plaintiff's First Amended Complaint.

Respectfully submitted,

s/Anthony Pinelli
**ANTHONY PINELLI**
One of Defendant Pililimis' attorneys


**ANTHONY PINELLI**
Law Offices of Anthony Pinelli
53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/583-9270

**SUSAN M. PAVLOW**
Law Offices of Susan M. Pavlow
53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/322-0094
C:\MyFiles\Pililimis\Pleading\reply001ap.wpd

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Reply in Support of Motion to Dismiss Counts IV And V of Plaintiff's First Amended Complaint on behalf of Defendant, Tommy G. Pililimis, was served on March 31, 2008, in accordance with Fed. R. Civ. P. 5, L.R. 5.5 and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                      s/Anthony Pinelli
                                                      **ANTHONY PINELLI**