## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6380 | **DATE** | 5/1/2008 |
| **CASE TITLE** | National City Mtge vs. Bennett, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Pililimis' motion (35) to dismiss counts IV and V of plaintiff's first amended complaint is granted. Defendants Creative Financial Solutions Ltd and Bennett's motion (16) to dismiss counts IV and V and VIII of plaintiff's amended complaint is also granted. Their motion to dismiss is otherwise denied.

■[ For further details see text below.]　　　　Notices mailed by Judicial staff.

### STATEMENT

Nat'l City Mtge. v. Creative Financial, et al., 07 C 6380

　　　Defendant Pililimis' motion to dismiss counts IV and V of plaintiff's first amended complaint is granted. With respect to count IV, plaintiff alleges that Pililimis performed the real estate appraisals relating to three of the twenty loans at issue. That is insufficient to raise a right to relief against Pililimis "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Plaintiff must establish (1) an agreement between at least two people for the purpose of accomplishing either an unlawful purpose or a lawful purpose through unlawful means, and (2) at least one tortious act by a co-conspirator in furtherance of the agreement. Not only does the complaint fail to allege an agreement explicitly, it does not plead any circumstances from which to infer that an agreement existed, other than the naked allegation that all of the defendants conspired. Where claims are based on information and belief, plaintiff must plead at least the basis for the belief.

　　　Defendants argue that count V should be dismissed on the basis that there is no separate tort for aiding and abetting a fraud. While some courts, including the Seventh Circuit, have held that there is no need for the separate tort of aiding and abetting a fraud, *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006), Illinois courts–whose substantive law governs the claims–have indeed recognized a separate tort for aiding and abetting. *Id., citing Thornwood, Inc., v. Jenner & Block*, 344 Ill.App.3d 15 (2003). Nevertheless, plaintiff's claim fails because the complaint does not establish any basis for concluding that Pililimis 1) was aware of his role in the alleged fraud, and 2) knowingly and substantially assisted in its commission. *See Hefferman*, at 601. Nothing in the complaint comes close to establishing this kind of nexus between Pililimis' appraisals and the fraud alleged against Creative Financial and White. The allegations must do more than merely recite the elements of a claim.

　　　Defendants Creative Financial Solutions Ltd and Bennett's motion to dismiss counts IV and V of plaintiff's amended complaint is granted for the reasons stated above. Their motion to dismiss count VIII of the complaint is granted as well. The complaint provides no basis for finding the requisite master/servant or agency

**STATEMENT**

relationship that is necessary to this count.  Their motion to dismiss is otherwise denied.