## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **NATIONAL CITY BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.  07 C 6380 |
| | ) | |
| **CREATIVE FINANCIAL SOLUTIONS, LTD.,** | ) | Judge Bucklo |
| **EUGENE BENNETT, CHARLES WHITE**, | ) | |
| **SHELLY V. ROBINSON, and** | ) | Magistrate Judge Cole |
| **TOMMY G. PILILIMIS**, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT TOMMY G. PILILIMIS' ANSWER AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**NOW COMES** Defendant, TOMMY G. PILILIMIS ("Pililimis"), by and through his attorney,

Anthony Pinelli, and in answer to Plaintiff's complaint, states as follows:

1.      Plaintiff National City is an Ohio company with its principal place of business in the State of Ohio.

**ANSWER:**

Pililimis lacks knowledge sufficient to admit or deny the allegations of paragraph 1.

2.      Upon information and belief, Defendant Creative Financial is an Illinois corporation with its principal place of business in the State of Illinois.  Upon information and belief, Creative Financial is a mortgage broker engaged primarily in the business of originating, processing and selling residential mortgage loans.

**ANSWER:**

Pililimis lacks knowledge sufficient to admit or deny the allegations of paragraph 2.

3.      Upon information and belief, Defendant Eugene Bennett is an Illinois resident and was, at all times relevant to this action, the Owner and President of Creative Financial.

**ANSWER:**

Pililimis lacks knowledge sufficient to admit or deny the allegations of paragraph 3.

4.    Upon information and belief, Defendant Charles White is an Illinois resident and was, at all times relevant to this action, a loan officer employed by Creative Financial.

**ANSWER:**

Pililimis lacks knowledge sufficient to admit or deny the allegations of paragraph 4.

5.    Upon information and belief, Defendant Shelly V. Rollinson is an Illinois resident and was, at all times relevant to this action, a certified real estate appraiser.

**ANSWER:**

Pililimis lacks knowledge sufficient to admit or deny the allegations of paragraph 5.

6.    Upon information and belief, Defendant Tommy G. Pililimis is an Illinois resident and was, at all times relevant tho this action, a residential real estate appraiser.

**ANSWER:**

Pililimis admits that he was a residential real estate appraiser in 2003.

## JURISDICTION AND VENUE

7.    Each of the Defendants identified above are, upon information and belief, citizens of the State of Illinois, and as such, are subject to personal jurisdiction in this Court.

**ANSWER:**

Pililimis lacks knowledge as to the residence of any Defendant other than himself sufficient to admit

or deny the allegations of paragraph 7.

2

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

**ANSWER:**

      Pililimis lacks knowledge sufficient to admit or deny the allegations of paragraph 8.

9.      Venue is properly established in the Northern District of Illinois pursuant to 28 U.S.C. §1391(a) because all of the Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**ANSWER:**

      Pililimis admits venue is proper as to himself but lacks knowledge sufficient to admit or deny as to

all other Defendants.

## FACTUAL BACKGROUND

**A.      The Wholesale Broker Agreement**

10.     On May 15, 2001, National City (d/b/a Accubanc Mortgage Corporation) and Creative Financial (as successor in interest to Creative Financial Solutions) entered into a Wholesale Broker Agreement (the "Agreement") whereby Creative Financial agreed to submit for purchase, and National City agreed to accept for purchase, certain mortgage loans originated by Creative Financial.

**ANSWER:**

      Pililimis is not a party to the Agreement and lacks knowledge of its terms and conditions sufficient

to admit or deny the allegations of paragraph 10.

11.     In the Agreement, Creative Financial expressly represented and warranted that it "has disclosed all facts which are material to the subject matter of the Agreement and any mortgage loan application to [National City]. Neither this Agreement nor any loan documentation submitted to [National City] contains any misstatement of a material fact or omits to state a material fact necessary to make the statements contained therein not misleading."

3

**ANSWER:**

Pililimis is not a party to the Agreement and lacks knowledge of its terms and conditions

sufficient to admit or deny the allegations of paragraph 11.

12.    In addition Creative Financial expressly represented and warranted that [e]ach document delivered by [Creative Financial] to [National City] is complete and accurate as to information within and contains no misleading information, has been prepared, executed and copies delivered as required by law, and all signatures and initials therein are authorized and genuine. Furthermore all information reported by the applicant to [Creative Financial] has been completely and accurately submitted to Purchaser."

**ANSWER:**

Pililimis is not a party to the Agreement and lacks knowledge of its terms and conditions sufficient

to admit or deny the allegations of paragraph 12.

13.    Furthermore, Creative Financial expressly represented and warranted that it "has no knowledge of any adverse information concerning applicant or any aspect of the submitted mortgage loan application which is not reflected in any of the written documents submitted to [National Cit] by [Creative Financial]."

**ANSWER:**

Pililimis is not a party to the Agreement and lacks knowledge of its terms and conditions sufficient

to admit or deny the allegations of paragraph 13.

14.    Lastly, the parties' Agreement expressly stated:

Repurchase will be required if [National City] determines, at any time, that any representation made by [Creative Financial] with respect to any mortgage loan application submitted was untrue when made or any warranty or term thereof has been breached.

[Creative Financial] shall repurchase within seven (7) calendar days of notice any loan purchased by [National City] hereunder for an amount equal to the sum of, as of the time of repurchase, (a) the unpaid balance

of, plus accrued interest on, the Loan, (b) the amount of any premium or sum in excess of the principal balance of the Loan paid by [National City] to [Creative Financial], (c) any servicing premium or other premium in excess of the Loan paid by [National City] to [Creative Financial], (d) the aggregate amount of any advances made by [National City] for the account of the mortgagor and interest thereon at the interest rate set forth in the promissory note and (e) any attorney's fees, legal expenses, court costs or other expenses which may have been incurred or expended by or on behalf of [National City] in connection with said loan and interest thereon at the interest rate set forth in the promissory note.

[National City], at its sole option, may allow for indemnification against losses as a remedy as opposed to the outright repurchase of a loan. Losses will be defined as any cost incurred by [National City] and will include, but not be limited to, put {sic}-of-pocket costs, servicing premium, attorney's fees, etc.

**ANSWER:**

Pililimis is not a party to the Agreement and lacks knowledge of its terms and conditions sufficient to admit or deny the allegations of paragraph 14.

**B.    The Defective Mortgage Loans**

15.    Notwithstanding the above-referenced representations and warranties, Creative Financial by, through and/or in conspiracy with its agents/employees, officers, and contracted appraisers, negligently and/or intentionally provided false information to National City regarding certain mortgage loans purchased by National City.

**ANSWER:**

Pililimis lacks knowledge sufficient to admit or deny the allegations of paragraph 15.

16.    As demonstrated in detail below, these misrepresentations included, among other things, false statements regarding the true market value of the properties securing the loans, false statements regarding the borrowers' intent to occupy the subject properties as a primary residence, and false information regarding the borrowers' income, assets and/or employment status. Creative Financial, by through and/or in conspiracy with its officers and/or agents/employees, also failed to disclose outstanding borrower debts/liabilities, and Creative Financial affirmatively concealed problems with the loans by, among other things, creating and/or providing fabricated/false documents to National

City and repeatedly denying there was anything wrong with the loans and denying that it was obligated to repurchase the loans.

**ANSWER:**

Pililimis denies that he provided any false statements as to the value of the property.  He lacks knowledge sufficient to admit or deny the remaining allegations of paragraph 16.

17.    As a result of these misrepresentations and/or omissions, the following mortgage loans purchased by National City are impermissibly deficient and ripe for repurchase and/or indemnification as provided in the Agreement.

**ANSWER:**

Pililimis lacks knowledge sufficient to admit or deny the allegations of paragraph 17.

<u>The R.D. Bradley Loan</u>

Because paragraphs 18 through 20 of Plaintiff's complaint are not directed to Defendant Tommy G. Pililimis, he makes no answer to these paragraphs.

<u>The Harry Bales Loan</u>

Because paragraphs 21 through 23 of Plaintiff's complaint are not directed to Defendant Tommy G. Pililimis, he makes no answer to these paragraphs.

<u>The Pamela Bynum Loan</u>

Because paragraphs 24 through 26 of Plaintiff's complaint are not directed to Defendant Tommy G. Pililimis, he makes no answer to these paragraphs.

<u>The Florentio Chaidez Loan</u>

27.     On or about April 30, 2003, Creative Financial originated a $198,000.00 loan for borrower Florentio Chaidez ("Chaidez") in connection with Chaidez' purchase of real property located at 7159 S. Normal Blvd., Chicago, Illinois 60621. Creative Financial assigned the Chaidez loan to National City following the closing, and National City subsequently transferred said loan to U.S. Bank.

**ANSWER:**

    Pililimis lacks knowledge sufficient to admit or deny the allegations of paragraph 27.

28.     Upon information and belief, the Chaidez loan documents contained material misrepresentations regarding Chaidez's income and the rental occupants of the subject property. The loan documents also failed to disclose a separate mortgage loan obtained by Chaidez the same month as the subject loan. Tommy G. Pililimis performed the real estate appraisal of the subject property in connection with the Chaidez loan. Upon information and belief, his appraisal improperly overstated the value of the subject property.

**ANSWER:**

    Pililimis denies that he prepared an appraisal that overstated the value of the subject property. He

lacks knowledge sufficient to admit or deny the remaining allegations of paragraph 28.

29.     As a result of some or all of these deficiencies, National City was obligated to repurchase the Chaidez loan from U.S. Bank. The Chaidez loan was foreclosed upon, the subject property sold at a loss, and National City ultimately sustained damages in connection therewith in an amount to be determined at trial.

**ANSWER:**

    Pililimis denies the allegations of paragraph 29.

<u>The Antonio Douvlis Loan</u>

30.     On or about June 27, 2003, Creative Financial originated a $166,250.00 loan for borrower Antonio Douvlis ("Douvlis") in connection with Douvlis' purchase of real property located at 7014 S. Winchester, Chicago, Illinois 60636. Creative Financial assigned the Douvlis loan to National City following the closing, and National City subsequently transferred said loan to Federal National

Mortgage Association ("Fannie Mae").

**ANSWER:**

Pililimis lacks knowledge sufficient to admit or deny the allegations of paragraph 30.

31.    Upon information and belief, the Douvlis loan documents contained material misrepresentations regarding Douvlis income and assets. The loan documents also failed to disclose a separate mortgage loan obtained by Douvlis one month prior to the subject loan. In addition, Tommy G. Pililimis performed the real estate appraisal of the subject property in connection with the Douvlis loan. Upon information and belief, his appraisal improperly overstated the value of the subject property.

**ANSWER:**

Pililimis denies that he prepared an appraisal that overstated the value of the subject property. He

lacks knowledge of the remaining facts in paragraph 31.

32.    As a result of some or all of these deficiencies, National City was obligated to repurchase the Douvlis loan from Fannie Mae. The Douvlis loan was foreclosed upon, the subject property sold at a loss, and National City ultimately sustained damages in connection therewith in an amount to be determined at trial.

**ANSWER:**

Pililimis denies the allegations of paragraph 32.

<u>The Amber Estes Loan</u>

Because paragraphs 33 through 35 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

<u>The Omari Houston Loan</u>

Because paragraphs 36 through 38 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

The Derrick Kee Loan

Because paragraphs 39 through 41 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

The George Koustas Loan

Because paragraphs 42 through 44 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

The Deidra Langford Loan

Because paragraphs 45 through 47 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

The George Limperis Loan

48.     On or about May 1, 2003, Creative Financial originated a $126,350.00 loan for borrower George Limperis ("Limperis") in connection with Limperis' purchase of real property located at 6016 S. May, Chicago, Illinois 60621.  Creative Financial assigned the Limperis loan to National City following the closing, and National City subsequently transferred said loan to U.S. Bank.

**ANSWER:**

Pililimis lacks knowledge sufficient to admit or deny the allegations of paragraph 48.

49.     Upon information and belief, the Limperis loan documents contained material misrepresentations regarding Limperis' income and employment status.  The loan documents also failed to disclose a separate mortgage loan obtained by Limperis a month prior to the subject loan.  Tommy G. Pililimis performed the real estate appraisal of the subject property in connection with the Limperis loan.  Upon information and belief, his appraisal improperly overstated the value of the subject property.

9

**ANSWER:**

Pililimis denies that he prepared an appraisal that overstated the value of the subject property.  He

lacks knowledge as to the remaining statements in paragraph 49.


50.     As a result of some or all of these deficiencies, National City was obligated to repurchase the
        Limperis loan from U.S. Bank.  The Limperis loan went into default, the subject property was sold
        at a loss, and National City ultimately sustained damages in connection therewith in an amount to
        be determined at trial.

**ANSWER:**

Pililimis denies the allegations of paragraph 50.


<u>The Clarence Moore Loan</u>

Because paragraphs 51 through 53 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

<u>The Reynold Randle Loan</u>

Because paragraphs 54 through 56 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

<u>The Dorothy Satterfield Loan</u>

Because paragraphs 57 through 59 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

<u>The Darius Shine Loan</u>

Because paragraphs 60 through 62 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

<u>The Dominique Talley Loan</u>

Because paragraphs 63 through 65 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

<u>The George Vasili Loan</u>

Because paragraphs 66 through 68 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

<u>The Elnora White Loan</u>

Because paragraphs 69 through 71 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

<u>The Johnny Wilkins Loan</u>

Because paragraphs 72 through 74 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

<u>The Lakinya Woodland Loan</u>

Because paragraphs 75 through 77 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

**C.      Creative Financial's Failure to Comply With Its Repurchase Obligations.**

Because paragraphs 78 through 79 of Plaintiff's complaint are not directed to Defendant Tommy

G. Pililimis, he makes no answer to these paragraphs.

<u>**COUNT I - BREACH OF CONTRACT**</u>
**(Against Creative Financial)**

Because Count I of Plaintiff's complaint is not directed to Defendant Tommy G. Pililimis, he makes

no answer to this Count.

## COUNT II - SPECIFIC PERFORMANCE
### (Against Creative Financial)

Because Count II of Plaintiff's complaint is not directed to Defendant Tommy G. Pililimis, he makes

no answer to this Count.

## COUNT III - FRAUD
### (Against Creative Financial and Charles White)

Because Count III of Plaintiff's complaint is not directed to Defendant Tommy G. Pililimis, he

makes no answer to this Count.

## COUNT IV - CIVIL CONSPIRACY
### (Against all Defendant)

Because Count IV of Plaintiff's complaint has been dismissed, Defendant Tommy G. Pililimis makes

no answer to this Count.

## COUNT V - AIDING AND ABETTING A FRAUD
### (Against all Defendant)

Because Count V of Plaintiff's complaint has been dismissed, Defendant Tommy G. Pililimis makes

no answer to this Count.

## COUNT VI - NEGLIGENCE
### (Against Creative Financial)

Because Count VI of Plaintiff's complaint is not directed to Defendant Tommy G. Pililimis, he

makes no answer to this Count.

## COUNT VII - NEGLIGENT MISREPRESENTATION
### (Against all Defendants)

117.    National City adopts and incorporates by reference its allegations in the above paragraphs.

**ANSWER:**

Defendant Tommy G. Pililimis adopts and incorporates by reference all answers made in the above

paragraphs.

118.    Defendants owed National City a duty to exercise reasonable care or competence in obtaining and
supplying accurate information to National City in connection with the above-referenced loans.

**ANSWER:**

Pililimis denies the allegations of paragraph 118.

119.    As described herein, Defendants breached this duty by obtaining and supplying false information
to National City in connection with the above-referenced loans.

**ANSWER:**

Pililimis denies the allegations of paragraph 119.

120.    National City justifiably and reasonably relied upon this false/misleading information in deciding to
approve, fund and/or purchase the above-referenced loans, and as a direct result thereof, was
damaged in an amount to be determined at trial.

**ANSWER:**

Pililimis denies the allegations of paragraph 120.

121.    Though National City has at all times exercised due diligence in discovering its claims, Defendants
fraudulently concealed their negligence from National City by, among other things, creating and/or
providing fabricated/false documents to National City and repeatedly denying that there was
anything wrong with the loans at issue and denying that it was obligated to repurchase said loans.
As a result thereof, the applicable statue {sic} of limitations for the above-referenced negligent
misrepresentation claim has been sufficiently tolled as to some or all of the loans at issue.

**ANSWER:**

Pililimis denies the allegations of paragraph 121.

## COUNT VIII - NEGLIGENT/WANTON HIRING, RETENTION, TRAINING AND SUPERVISION
### (Against Creative Financial & Eugene Bennett)

Because Count VIII of Plaintiff's complaint is not directed to Defendant Tommy G. Pililimis, he makes no answer to this Count.

**WHEREFORE**, Defendant, Tommy G. Pililimis, requests this Honorable Court to deny the relief sought by Plaintiff and to dismiss the instant complaint and grant his costs incurred in defense of this suit.

## AFFIRMATIVE DEFENSE

1.    Plaintiff's claims against Defendant Pililimis regarding the negligent appraisals of certain specific properties are based on appraisals performed in 2003.

2.    The Statute of Limitations for claims of negligent appraisals expired prior to the filing of this lawsuit.

3.    The claims in Count VII are barred by the applicable Statute of Limitations.

Respectfully submitted,

s/Anthony Pinelli
**ANTHONY PINELLI**
Attorney for Defendant Tommy G. Pililimis

**ANTHONY PINELLI**
Law Offices of Anthony Pinelli

14

53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/583-9270

C:\MyFiles\Pililimis\Pleading\answer.wpd

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Answer and Affirmative Defense to Plaintiff's First Amended on behalf of Defendant, Tommy G. Pililimis, was served on May 19, 2008, in accordance with Fed. R. Civ. P. 5, L.R. 5.5 and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/Anthony Pinelli\
**ANTHONY PINELLI**