IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **NATIONAL CITY BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.  07 C 6380 |
| | ) | |
| **CREATIVE FINANCIAL SOLUTIONS, LTD.,** | ) | Judge Bucklo |
| **EUGENE BENNETT, CHARLES WHITE,** | ) | |
| **SHELLY V. ROLLINSON and** | ) | Magistrate Judge Cole |
| **TOMMY G. PILILIMIS**, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PILILIMIS' ANSWER AND AFFIRMATIVE DEFENSE TO
DEFENDANTS CREATIVE FINANCIAL SOLUTIONS, LTD. AND EUGENE
BENNETT'S CROSS-CLAIM AGAINST CO-DEFENDANTS CHARLES WHITE,
SHELLY V. ROLLINSON AND TOMMY G. PILILIMIS**

NOW COMES Defendant, TOMMY G. PILILIMIS ("Pililimis"), by and through his attorney, Anthony Pinelli, and answers Defendants Creative Financial Solutions, Ltd. and Eugene Bennett's Cross Claim for Contribution as follows:

**Nature of Cross-Claim**

1. On November 30, 2007, National City Bank ("Plaintiff") filed its First Amended Complaint naming Creative, Bennet, White, Rollinson and Pililimis as Defendants.  Plaintiff alleges that this court has subject matter jurisdiction over the claims asserted in its Amended Complaint pursuant to 28 U.S.C. § 1332(a) as Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

**ANSWER:**

Defendant Pililimis admits the allegations of paragraph 1.

2. Plaintiff's claims against all of the Defendants arise out of alleged misrepresentations contained in

the loan applications for twenty loans that were subsequently sold and/or assigned to the Plaintiff by Creative.  In its Amended Complaint, Plaintiff seeks to recover from all of the Defendants as unspecified amount of compensatory damages under various legal theories.

**ANSWER:**

Defendant Pililimis admits the allegations of paragraph 2.

3.      Creative and Bennett file this cross-claim seeking contribution from White, Rollinson and Pililimis to the extent that Creative and Bennett are found liable to Plaintiff for damages.

**ANSWER:**

Defendant Pililimis admits the facts contained in paragraph 3 but denies the legal conclusions contained therein.

### Parties

4.      Creative is an Illinois corporation with its principal place of business in the State of Illinois.

**ANSWER:**

Defendant Pililimis admits the allegations of paragraph 4.

5.      Bennett is an Illinois resident and was at all times relevant, the owner and president of Creative.

**ANSWER:**

Defendant Pililimis admits the allegations of paragraph 5.

6.      White is an Illinois resident and was, at all times relevant, a loan officer.

**ANSWER:**

Defendant Pililimis lacks knowledge of the place of residence of White sufficient to admit or deny

the facts of paragraph 6.

7.	Rollinson is an Illinois resident and was, at all times relevant, a certified real estate appraiser.

**ANSWER:**

Defendant Pililimis lacks knowledge of the place of residence of Rollinson sufficient to admit or deny the facts of paragraph 7.

### Jurisdiction

8.	This Court has subject matter jurisdiction because this cross-claim comes within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as the cross-claim is so related to the claims at issue in Plaintiff's Complaint that it forms part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:**

Defendant Pililimis makes no answer to the legal conclusions of paragraph 8.

### Count I - Contribution Against White

Because Count I of Defendants Creative and Bennetts' Cross-Claim is not directed to Co-Defendant Pililimis, he makes no answer to this Count.

### Count II - Contribution Against Rollinson

Because Count II of Defendants Creative and Bennetts' Cross-Claim is not directed to Co-Defendant Pililimis, he makes no answer to this Count.

### Count III - Contribution Against Pililimis

19.	Creative and Bennett re-state and re-allege paragraphs 1 through 8 for paragraphs 19 of Count III.

**ANSWER:**

Defendant Pililimis restates his answers to paragraphs 1 through 8 above as his answer to paragraph 19 of Count III of Creative and Bennett's Cross-Claim.

20. Among those theories asserted by Plaintiff are claims sounding in tort. Plaintiff alleges that Creative (1) breached the Wholesale Broker Agreement (Count I and Count II); (2) committed fraud regarding the loan applications (Count III); (3) was negligent in the handling of the loan application (Count IV); and (4) along with Bennett was negligent in obtaining or providing information regarding the loan application (Count VII). Creative and Bennett's Answer and Affirmative Defenses to Plaintiff's Amended Complaint denies all material allegations alleged against them therein.

**ANSWER:**

Defendant Pililimis admits the allegations of paragraph 20.

21. Plaintiff's purported claims against Defendant Pililimis also include claims sounding in tort. Specifically, Plaintiff alleges in Count VII that Pililimis was negligent in obtaining or providing false information to Plaintiff and fraudulently concealing this information from Plaintiff to avoid detection.

**ANSWER:**

Defendant Pililimis admits the allegations of paragraph 21.

22. Plaintiff has alleged that Creative and Bennett, as well as Pililimis, have committed tortious acts in the course of their respective relationship with Plaintiff and that all the Defendants are liable in tort for Plaintiff's damages.

**ANSWER:**

Defendant Pililimis admits the allegations of paragraph 22.

23. Pursuant to the Joint Tort Feasor Contribution Act, 740 ILCS 100/1, *et seq.*, in the event Creative and/or Bennett are found liable to Plaintiff on Counts III, VI and/or VII of Plaintiff's Amended Complaint, Creative and/or Bennett are entitled to recover from Pililimis the proportion of Plaintiff's alleged damages, if any, which were caused by Pililimis' tortious conduct.

**ANSWER:**

Defendant Pililimis denies the allegations of paragraph 23.

### AFFIRMATIVE DEFENSE

1. Defendant Creative Financial Solutions Ltd. and Eugene Bennett's Cross-Claim against Tommy Pililimis arises from events occurring in 2003 and is barred by the applicable Statute of Limitations.

**WHEREFORE**, Defendant Tommy G. Pililimis respectfully requests this Honorable Court to deny the relief requested and dismiss the Cross-Claim.

Respectfully submitted,

s/Anthony Pinelli
**ANTHONY PINELLI**
Attorney for Defendant Pililimis

**ANTHONY PINELLI**
Law Offices of Anthony Pinelli
53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/583-9270
C:\MyFiles\Pililimis\Pleading\ans to cross-claim001ap.wpd

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer and Affirmative Defense to Defendants Creative Financial Solutions, Ltd. And Eugene Bennett's Cross-Claim against co-Defendants Charles White, Shelly V. Rollinson and Tommy G. Pililimis on behalf of Defendant, Tommy G. Pililimis, was served on June 10, 2008, in accordance with Fed. R. Civ. P. 5, L.R. 5.5 and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/Anthony Pinelli
**ANTHONY PINELLI**
